```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHAEL VERRILLI,              :
                               :
        v.                     :      3:03CV541(WWE)
                               :
SIKORSKY AIRCRAFT CORPORATION  :
```

## RULING ON MOTION TO DISMISS

The plaintiff, Michael Verrilli, alleges that his former employer, Sikorsky Aircraft Corporation, violated the terms of a collective bargaining agreement when it wrongfully discharged him without just cause. Plaintiff brings this action pursuant to Section 301 of the federal Labor Management Relations Act.

Defendant moves to dismiss the complaint, arguing that plaintiff's complaint lacks sufficient allegations to state a valid claim, and that it is barred by the relevant statute of limitations. For the following reasons, the motion to dismiss will be granted, but the plaintiff will be given leave to replead his complaint.

## BACKGROUND

For purposes of ruling on this motion to dismiss, the court accepts as true the following allegations taken from the complaint.

Plaintiff commenced work at Sikorsky in March, 1979. His employment was covered by a collective bargaining agreement that provided that his discharge should be made only for just cause.

At some point during his employment, plaintiff took a drug test. In March, 2000, plaintiff was wrongfully discharged without just cause.

## DISCUSSION

### Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F. 2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Defendant argues that plaintiff's complaint fails to state a claim pursuant to Section 301, since it contains no allegation that he exhausted his rights under the contractual grievance/arbitration procedure, and there is no allegation that the union failed in its duty to fairly represent him. Plaintiff counters that he is not required to plead such specifics under the liberal federal pleading standard, and that he is not

required to make the union a party to this action.

An employee may bring suit against his employer pursuant to Section 301, but must generally attempt to exhaust any grievance and arbitration remedies provided for in the collective bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965). However, exhaustion may be excused where (1) the employer's conduct amounts to a repudiation of the contractual procedures, or (2) the grievance procedure is controlled by the union and the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance. Vaca v. Sipes, 386 U.S. 171, 185 (1986)).

Here, plaintiff's complaint contains no allegation concerning the grievance of plaintiff's alleged wrongful discharge. Without such information, the Court cannot assess whether plaintiff has a valid claim for relief pursuant to Section 301 that is not barred by the statute of limitations. Accordingly, the Court will grant the motion to dismiss but will give the plaintiff leave to replead his complaint to include the relevant allegations regarding grievance of his claim pursuant to the collective bargaining agreement.

## Conclusion

For the foregoing reasons, the motion to dismiss [doc. # 8] is GRANTED. The plaintiff's complaint is dismissed without prejudice. Plaintiff is allowed until January 12, 2004, to

replead his complaint to include allegations relative to the grievance of his claim.  After plaintiff files his amended complaint, defendant has 30 days to file a second motion to dismiss.  If plaintiff fails to file an amended complaint by January 12, 2004, defendant may move for dismissal of the action with prejudice.

The clerk is instruct <u>not</u> to close this case.

So ordered in Bridgeport, Connecticut, this ___ day of December, 2003.

_____
Warren W. Eginton
Senior United States District Judge