U.S. CLERK
DISTRICT COURT
BRIDGEPORT

JAN 9  4 11 PM '04

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL VERRILLI
      Plaintiff

vs.

:Case No. 3:03 CV0541 (WWE)

SIKORSKY AIRCRAFT CORPORATION
      Defendant

:JANUARY 9, 2004

## AMENDED COMPLAINT

### JURISDICTION

a.    Plaintiff brings this action under, and jurisdiction thereof is conferred on this Court by virtue of § 301 of the Labor Management Relations Act, 1947 (29 USC § 185), herein referred to as the Act, and 28USC §1331 to recover damages for Plaintiff's unlawful discharge by the Defendant, Sikorsky Aircraft Corporation, Plaintiff's employer.

### FIRST COUNT

1) Plaintiff is a citizen and resident of Fairfield County, State of Connecticut.

2) Defendant company, Sikorsky Aircraft Corporation (hereinafter called "company"), is a corporation doing business in the State of Connecticut and a corporation existing pursuant to laws of the State of Connecticut.

1

3) Plaintiff was continuously employed since March, 1979 by the defendant company and was a senior composite worker at all relevant times mentioned herein.

4) The terms and conditions of Plaintiff's employment with the company were covered by a collective bargaining labor agreement, (hereinafter called "agreement") between the Defendant company and Plaintiff's representative union, Teamsters Local Union No. 1150, International Brotherhood of Teamsters (hereinafter called Union). The agreement provides that employees shall not be discharged except for just cause and that the penalty of discharge shall not be excessive or arbitrary or imposed in an unjust or discriminatory manner.

5) The Defendant in the instant case forced the Plaintiff to take drug test(s) when he was not required to do so by the terms of the collective bargaining agreement.

6) On or about March 30, 2000, Plaintiff was wrongfully discharged by the company. Plaintiff was not discharged for just cause and the penalty of discharge was excessive, unjust, unfair and discriminatory, in violation of the provisions of the agreement.

7) The Agreement between the Defendant company and Union further provides that, in the event of a dispute concerning the propriety of a discharge, the matter,

2

upon request of the Union, shall be determined under the grievance and arbitration procedures of the Agreement.

8) At all relevant times mentioned herein, the Plaintiff has been a dues paying member of the Union and was a member of the Union at all times relevant to this action.

9) Subsequent to the Plaintiff's wrongful discharge, he filed a timely grievance under the Agreement protesting the unfair and wrongful discharge and requesting reinstatement.

10) The Union had exclusive control over the grievance procedure and the exclusive right to obtain arbitration and the opportunity to obtain a hearing before an expert, impartial arbitrator concerning Plaintiff's grievance.

11) The Union, without reason or cause, has arbitrarily and capriciously failed to fully investigate Plaintiff's grievance; failed to follow its normal and customary practices in the handling of discharge grievances; and without reason, has failed to demand arbitration, thus depriving the Plaintiff of his only opportunity to obtain an impartial hearing of his grievance and to obtain reinstatement to his job with full back pay.

12) The Plaintiff has exhausted any internal union remedies that could possibly have obtained any effective relief and Plaintiff states that the Union constitution does not provide effective remedies and further exhaustion would be futile.

13) As a proximate result of the wrongful discharge by the Defendant company, Plaintiff has been unable to obtain a job equivalent to his position with the company and Plaintiff has lost wages, fringe benefits, seniority, pension rights and other rights accruing to his job under the agreement and these losses are expected to continue indefinitely until Plaintiff reaches normal retirement age.

14) Plaintiff has suffered humiliation, emotional distress and anxiety as a result of his job loss.

**SECOND COUNT**

1-12) Paragraphs 1-12 of the First Count are incorporated herein and made paragraphs 1-12 of this the Second Count.

13) Prior to the Plaintiff's termination the Defendant, Sikorsky Aircraft Corporation, and it's agents, servants and/or employees expressly and impliedly represented to the Plaintiff that his job was secure and that he would not be discharged without just cause.

14) By virtue of said representations made to the Plaintiff by the Defendant, a contract existed between the Plaintiff and the Defendant.

15) At all times mentioned herein the Plaintiff was a loyal and capable employee and as such, the Defendant acknowledged his service by salary increases and promotions within the Defendant company.

16) Because the Plaintiff thought his job was secure, the Plaintiff did not seek other employment possibilities, thus relying to his detriment on the express and implied promises and statements made by the Defendant, and it's agents, servants and/or employees that this job was secure and he would not be discharged without just cause.

17) The Plaintiff was wrongfully discharged by the Defendant due to the Defendant's breach of an express and/or implied contract of employment contract with the Plaintiff by denying him present and future employment benefits; Defendant impliedly and/or expressly misrepresented to the Plaintiff that the Plaintiff would not be terminated without just cause; Defendant breached an express and/or implied contract of employment with the Plaintiff that his job was secure and that he would not be discharged without just cause.

18) As a direct and proximate result of the conduct of the Defendant, Sikorsky Aircraft Corporation, as aforesaid, the Plaintiff has been deprived of his position and employment at the Defendant, Sikorsky Aircraft Corporation, he has lost and will continue to lose earnings and benefits, his earning capacity has been substantially impaired, he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment.

**THIRD COUNT**

1-17) Paragraphs 1-17 of the Second Count are hereby incorporated and made paragraphs 1-17 of this the Third Count.

18) Every contract imposes upon each party a duty of good faith and fair dealings in its performance and enforcement.

19) By discharging the Plaintiff, the Defendant has breached the implied covenant of good faith and fair dealing, thus entitling the Plaintiff to damages.

20) As a direct and proximate result of the conduct of the Defendant, Sikorsky Aircraft Corporation, as aforesaid, the Plaintiff has been deprived of his position and employment at the Defendant, Sikorsky Aircraft Corporation, he has lost and

will continue to lose earnings and benefits, his earnings capacity has been substantially impaired, he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment.

**FOURTH COUNT**

1-17) Paragraphs 1-17 of the Second Count are hereby incorporated herein and made paragraphs 1-17 of this the Fourth Count.

18) Defendant represented and assured the Plaintiff that his position with the Defendant was secure and that he would not be discharged without just cause.

19) Defendant knew or should have known these assurances to be false when they were made to the Plaintiff.

20) These false assurances by the Defendant were negligent misrepresentations, which caused the Plaintiff harm, thus entitling him to damages.

21) As a direct and proximate result of the conduct of the Defendant, Sikorsky Aircraft Corporation, as aforesaid, the Plaintiff has been deprived of his position and employment at the Defendant, Sikorsky Aircraft Corporation, he has lost and

will continue to lose earnings and benefits, his earnings capacity has been substantially impaired, he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment.

**WHEREFORE**, the Plaintiff prays for backpay and the value of lost benefits up to the date of trial and requests that this Court grant reinstatement to his job with full seniority rights and no loss of contractual benefits on account of his absence from work.

Plaintiff further prays for an order of front pay in lieu of reinstatement and for compensatory damages as a result of his emotional distress and for his attorneys' fees.

Plaintiff demands a trial by jury.

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
203-333-8500
fed ct. 00138

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent, postage prepaid, on this the 9th day of January, 2004 to:

Edward J. Dempsey, Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101

BY _____
JOHN T. BOCHANIS
ATTORNEY FOR THE PLAINTIFF