United States District Court
District of Connecticut

Michael Verrilli,

    *Plaintiff*

v.

Sikorsky Aircraft Corporation,

    *Defendant.*

Civil Action No.

3:03 CV 0541(WWE)

January 23, 2004

### Memorandum of Law in Support of Defendant's Motion to Dismiss The Second, Third and Fourth Counts of the Amended Complaint

*Introduction*

This action has been brought by Michael Verrilli, a former employee of the defendant, Sikorsky Aircraft Corporation ("Sikorsky"). Verrilli alleges that his employment by Sikorsky was wrongfully terminated in violation of a collective bargaining agreement ("CBA"). His complaint sets out four counts. His first count corrects the defect that resulted in this court's granting Sikorsky's motion to dismiss the original complaint and properly alleges the elements of a "hybrid' claim for breach of the CBA/breach of the duty of fair representation brought pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §§ 151, *et. seq.* ("LMRA").

1

Verrilli's next three counts attempt to allege (1) a breach of an express or implied contract of employment, (2) breach of an implied covenant of good faith and fair dealing, and (3) negligent misrepresentation with regard to his rights under the CBA. Those three counts must be dismissed because they are all preempted by Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185.

*Statement of the Facts*

According to the allegations of the amended complaint, the plaintiff, Michael Verrilli, was employed by Sikorsky continuously from March 1979 until he was terminated on March 30, 2000. During all of that time his employment was governed by a series of collective bargaining agreements that prohibited a discharge from employment without just cause. At some time prior to March 30, 2000, Sikorsky required Verrilli to take a drug test, the results of which (presumably) resulted in his discharge. Although he filed a grievance protesting his discharge, his union did not pursue the grievance to arbitration. Verrilli further alleges that agents of Sikorsky had represented to Verrilli that he would not be discharged without just cause.

2

*Argument*

Verrilli's second count in his amended complaint alleges a breach of an express or implied contract of employment, apparently a contract different from the CBA, the breach of which is alleged in the first count. As such, the second count must be dismissed because the CBA is exclusive and an individual, union-represented employee may not be a party to an individual contract of employment regarding the job covered by the CBA:

> National labor policy has been built on the premise that by pooling their economic strength and acting through a labor organization freely chosen by the majority, the employees of an appropriate unit have the most effective means of bargaining for improvements in wages, hours, and working conditions. The policy therefore extinguishes the individual employee's power to order his own relations with his employer and creates a power vested in the chosen representative to act in the interests of all employees. . . . Thus only the union may contract the employee's terms and conditions of employment. . . .[1]

---

[1] *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 180 (1967). See, *Caldwell v. American Basketball Ass'n, Inc.*, 66 F.3d 523 (2d Cir. 1995) (The terms of the individual's employment are left exclusively to the union and the employer) *Leed Architectural Products, Inc. v. Steelworkers Local 6674*, 916 F.2d 63, 66 (2d Cir. 1990)(Once an exclusive bargaining representative has been selected under 29 U.S.C. §159(a), an individual employee is forbidden by federal law from negotiating directly with the employer absent the representative's consent); *Wood v. National Basketball Ass'n.*, 809 F.2d 954, 959 (2d Cir. 1987).

For much the same reason, Verrilli's third count must be dismissed. In the third count the plaintiff attempts to assert a breach of the duty of good faith and fair dealing in the performance and enforcement of a contract. He does not indicate whether he is referring to the CBA, or to the individual contract alleged in the second count. If it is the latter, then this third count must be dismissed because there can be no individual contract between Sikorsky and Verrilli concerning the terms of his employment in the Teamsters bargaining unit. If it is the former, the third count must be dismissed because a tort claim that requires interpretation of the CBA is preempted by LMRA Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985)

In his fourth count, Verrilli attempts to assert a claim for negligent misrepresentation based on an allegation that he was told by Sikorsky that his job "was secure and that he would not be discharged without just cause." In this same fourth count Verrilli has incorporated by reference paragraph 4 of his first count in which he alleges that the CBA under which he was employed "provides that employees shall not be discharged except for just cause. . . ." He has also alleged that his employment was always in the bargaining unit and always covered by a CBA with a just cause discharge provision. Under these circumstances, any representation by Sikorsky that Verrilli would not be discharged without just cause is simply a recitation of a provision of the CBA. On its face, therefore, the

4

representation is not false, as admitted in Verrilli's first count. Nevertheless, to determine this tort claim it would be necessary to interpret the collective bargaining agreement and, therefore, this fourth count is also preempted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *see also, Morris v. United Technologies Corp.*, 18 Conn. L. Rptr. 565 (1997).

Respectfully submitted,

*/s/ Edward J. Dempsey*
Edward J. Dempsey
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
tel:   (860) 728-7858
efax:  (860) 660-0288
email: *ed.dempsey@utc.com*
Bar No. ct05183

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the defendant's Memorandum of Law in Support of Motion to Dismiss the Second, Third and Fourth Counts of the Amended Complaint was served on all parties by mailing a copy thereof this 22nd day of January 2004 to all counsel of record:

John T. Bochanis
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604

_____
Edward J. Dempsey