FILED

United States District Court
District of Connecticut

2004 APR 16  A 11: 57

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Michael Verrilli,

       *Plaintiff*

v.

Sikorsky Aircraft Corporation,

       *Defendant.*

Civil Action No.

3:03 CV 0541(WWE)

April 16, 2004

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft" or "Company") answers the allegations of the plaintiff's amended complaint dated January 9, 2004 as follows:

## Jurisdiction

a.    In answer to the jurisdictional allegations of the amended complaint, Sikorsky Aircraft admits this court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and 28 U.S.C. § 1331, but otherwise denies the allegations of paragraph a.

## First Count

1.    Sikorsky Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the amended complaint.

1

2.    Sikorsky Aircraft admits the allegations of paragraph 2 of the amended complaint, except that it denies that it is a corporation organized under the laws of the State of Connecticut.

3.    Sikorsky Aircraft admits the allegations of paragraph 3 of the amended complaint, except that it denies that the plaintiff was continuously employed by the Company after March 30, 2000.

4.    Sikorsky Aircraft admits the allegations of the first sentence of paragraph 4 of the amended complaint and further admits that the collective bargaining agreement ("CBA") provides that Company has the right and responsibility to discharge any employee for just cause and that the CBA further provides that on the second occasion of a positive drug or alcohol test finding, the employee shall be discharged.  Otherwise the allegations of paragraph 4 of the amended complaint are denied.

5-6.    Sikorsky Aircraft denies the allegations of paragraphs 5 and 6 of the amended complaint, except that it admits the plaintiff was discharged from employment by the Company on March 30, 2000.

7.    Sikorsky Aircraft denies the allegations of paragraph 7 of the amended complaint, except it admits that the CBA provides that any employee shall have the right to appeal his/her discharge through the grievance procedure and that

any such grievance shall be reduced to writing and presented at Step 3 of the grievance procedure. Any such grievance not settled at written Step 3 shall be submitted to arbitration upon the request of the Union submitted in accordance with the CBA.

8.    Sikorsky Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the amended complaint.

9.    Sikorsky Aircraft admits the allegations of paragraph 9 of the complaint.

10.    Sikorsky Aircraft denies the allegations of paragraph 10 of the amended complaint, except it admits that the CBA provides that any employee shall have the right to appeal his/her discharge through the grievance procedure and that any such grievance shall be reduced to writing and presented at Step 3 of the grievance procedure. Any such grievance not settled at written Step 3 shall be submitted to arbitration upon the request of the Union submitted in accordance with the CBA.

11.    Sikorsky Aircraft denies the allegations of paragraph 11 of the amended complaint.

3

12.    Sikorsky Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the amended complaint.

13-14.    Sikorsky Aircraft denies the allegations of paragraphs 13 and 14 of the amended complaint.

**Second Count, Third Count and Fourth Count**

The Second, Third and Fourth counts of the amended complaint have been withdrawn and require no response.

<u>AFFIRMATIVE DEFENSES</u>

*First Affirmative Defense*

The amended complaint fails to state a claim upon which relief may be granted.

*Second Affirmative Defense*

Without conceding that plaintiff has suffered any damages as a result of any purportedly wrongful act of the defendant, plaintiff has failed to mitigate his damages.

*Third Affirmative Defense*

Some or all of the plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, defendant Sikorsky Aircraft prays that the Court dismiss the amended complaint, with prejudice, and award the defendant costs, attorneys' fees and any other relief the Court deems appropriate.

4

Respectfully submitted,

Edward J. Dempsey
Labor Counsel
United Technologies Corporation
United Technologies Building
Hartford, CT 06101
tel:    (860) 728-7858
efax:  (860) 660-0288
email: *ed.dempsey@utc.com*
Bar No. ct05183

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Answer
and Affirmative Defenses was served on all parties by mailing a copy thereof this
15th  day of April 2004 to all counsel of record:

John T. Bochanis                     John T. Fussell, Esq.
Daly, Weihing & Bochanis             Robert M. Cheverie & Associates, PC
1115 Main Street, Suite 710          333 East River Drive, Suite 101
Bridgeport, CT 06604                 East Hartford, CT 06108

Edward J. Dempsey