FILED

2004 APR 27  P 1: 12

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL VERRILLI,

    Plaintiff,

v.

SIKORSKY AIRCRAFT CORPORATION,
TEAMSTERS LOCAL 1150

    Defendants,

: CIVIL ACTION NO.
: 3:03 CV 0541 (WWE)
:
:
:
:
: APRIL 19, 2004

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on March 22, 2004. The participants were:

    John T. Bochanis of Daly, Weihing & Bochanis, Bridgeport, CT, for Plaintiff Michael Verrilli.

    Edward Dempsey of United Technologies Corporation, Hartford, CT, for Defendant, Sikorsky Aircraft Corporation ("Sikorsky").

    John T. Fussell, Robert M. Cheverie & Associates, P.C., East Hartford, CT, for the Defendant, Teamsters Local 1150 ("Union").

A.  **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded copies of this report to their clients.

II.  **Jurisdiction**

A.  Subject Matter Jurisdiction

The Court has subject matter jurisdiction pursuant to §301 of the Labor Management Relations Act, 1947 (29 U.S.C. § 185), herein referred to as the Act, 28 U.S.C. §1331 and 28 U.S.C. §1337. The Defendants do not contest subject matter jurisdiction.

B.  Personal Jurisdiction

The Defendants do not contest personal jurisdiction.

III. **Brief Description of Case**

A. Claims of Plaintiff:

Plaintiff contends that he was wrongfully discharged by the Defendant, Sikorsky Aircraft, without just cause in violation of the parties' collective bargaining agreement. The Plaintiff also alleges that the Defendant, Union, breached its duty of fair representation concerning the Plaintiff's wrongful discharge process. The Plaintiff seeks past lost wages, reinstatement or front pay and attorney's fees. The Plaintiff also seeks damages of physical, emotional distress and mental anguish.

B. Defenses and Claims

Sikorsky Aircraft denies that the termination of the Plaintiff's employment was without just cause and avers that the Plaintiff's discharge was pursuant to the provision in the collective bargaining agreement that provides that an employee shall be discharged on the second occasion of a positive drug or alcohol test finding. Sikorsky Aircraft also contends that the Union did not breach its duty of fair representation.

Defendant Union denies that the Plaintiff was wrongfully discharged by Defendant, Sikorsky Aircraft Corporation in violation of the parties' collective bargaining agreement. Mr. Verrilli was aware of the Company's drug policy and, in fact, on September 1, 1999 he attended the Company-sponsored course regarding "FAA Drug Testing." On or about September 14, 1999, Mr. Verrilli tested positive on a Company-sponsored drug test. On or about March 30, 2000, Mr. Verrilli again tested positive on a Company-sponsored drug test and was terminated consistent with he Company's policy. Defendant Union denies it breached its duty of fair representation ("DFR") concerning Plaintiff. Defendant Union also asserts that Plaintiff's claims against the Union are barred by the applicable statue of limitations.

IV.   **Statement of Undisputed Facts**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties, at this time, cannot agree to any issues that are not in dispute.

V. **Case Management Plan**

    A.    <u>Standing Order On Scheduling Civil Cases</u>

Initial disclosures shall be provided by the parties on or before May 30, 2004.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.    <u>Scheduling Conference With the Court</u>

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    <u>Early Settlement Conference</u>

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

E.  Joinder of Parties and Amendment of Pleadings

Plaintiff does not anticipate filing any further motions to join additional parties and/or to amend the pleadings.

Defendants do not anticipate filing any motions to join additional parties. Defendants will file their Answer on or before April 30, 2004.

F.  Discovery

The parties anticipate that discovery will be needed on the following subjects:

1.a. Plaintiff anticipates needing discovery on: the Plaintiff's claims of wrongful discharge and breach of the duty of fair representation, and the resulting damages.

1.b.  The Defendant, Sikorsky Aircraft, anticipates needing discovery on all issues identified by the Plaintiff as well as the Plaintiff's mitigation of damages.

1.c.     Defendant Union anticipates needing discovery regarding (1) Mr. Verrilli's knowledge and understanding of the applicable drug policy under which he was terminated; and (2) his knowledge and understanding of the grievance/arbitration procedure and his interactions with Union representatives related to this dispute.

2.     All discovery, pursuant to Fed. R. Civ. P. 26(b)(4), will commence on April 30, 2004 and will be completed within six months or will commence within seven [7] days of the Court's granting of the parties' case management plan and will be completed within six [6] months thereafter, whichever date is later.

3.     Discovery will not be conducted in phases.

4.     Discovery will be completed by October 30, 2004 or will be completed within six [6] months of the court's granting of the parties' case management plan, whichever date is the later.

5.     The parties anticipate that the Plaintiff will require a total of six [6] depositions of fact witnesses, the Defendant, Sikorsky will require 6 eff depositions, and the Defendant, Union, 6 ca.7. depositions of fact witnesses. The depositions will commence on April 30, 2004 and be completed by

October 30, 2004 or be completed within six [6] months of the court's granting of the parties' case management plan, whichever date is later.

6.    The parties may request permission to serve more than twenty-five [25] interrogatories.

7.    Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2004 or within five [5] months of the Court's granting the parties' case management plan, whichever date is later. Depositions of any such experts will be completed by October 30, 2004 or within six [6] months of the Court's granting the parties' case management plan, whichever date is later.

8.    The Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 30, 2004 or within seven [7] months of the Court's granting of the parties' case management plan, whichever date is later. Depositions of any such experts will be completed by December 30, 2004 or within eight [8]

months of the Court's granting of the parties' case management plan, whichever date is later.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages on or before October 30, 2004 or within six [6] months of the Court's granting of the parties' case management plan, whichever date is later.

G. <u>Dispositive Motions</u>

Dispositive motions, if any, shall be filed on or before January 31, 2005 or within nine [9] months from the Court's granting the parties' case management plan, whichever date is later.

H. <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum required by the Standing Order On Trial Memoranda in Civil Cases will be filed by order of the Court.

VI. **<u>Trial Readiness</u>**

The case will be ready for trial within thirty [30] days of filing the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| THE PLAINTIFF<br>MICHAEL VERRILLI<br>CORPORATION<br><br>By:_____<br>JOHN T. BOCHANIS, ct00138<br>DALY, WEIHING & BOCHANIS<br>1115 Main Street, Suite 710<br>Bridgeport, Connecticut 06604<br>(203) 333-8500 | THE DEFENDANT<br>SIKORSKY AIRCRAFT<br><br>By:_____<br>EDWARD DEMPSEY  ct05183<br>UNITED TECHNOLOGIES CORP.<br>United Technologies Building<br>Hartford, CT 06101<br>(860) 728-7858 |

THE DEFENDANT
TEAMSTERS LOCAL 1150

By:_____
JOHN T. FUSSELL   ct 17989
ROBERT M. CHEVERIE & ASSOC., P.C.
333 East River Drive, Suite 101
East Hartford, CT, 06108
(860) 290-9610

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Report of the Parties' Planning Meeting was served on all parties by mailing a copy thereof this 26th day of April 2004 to all counsel of record:

John T. Bochanis
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604

John T. Fussell
Robert M. Cheverie & Assoc., P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108

_[signature]_
Edward J. Dempsey