United States District Court
District of Connecticut

Michael Verrilli,

　　　　　　*Plaintiff*

v.

Sikorsky Aircraft Corporation,
　　　　　　　　*et al.*
　　　　*Defendants.*

Civil Action No.

3:03 CV 0541(WWE)

October 14, 2004

AFFIDAVIT OF COUNSEL IN SUPPORT OF
DEFENDANT SIKORSKY AIRCRAFT'S MOTION TO COMPEL DISCOVERY

I, Edward J. Dempsey, declare as follows:

1.　　I am counsel for the defendant, Sikorsky Aircraft Corporation, in the above-captioned action.

2.　　On July 8, 2004, Sikorsky Aircraft served written discovery on the plaintiff, consisting of Defendant's First Interrogatories to Plaintiff and Defendant's First Request for Production of Documents. A true and correct copy of each of these documents is attached hereto as Exhibits A and B, respectively. Answers or objections to this discovery were due no later than August 10, 2004.

3.　　No answers to any of the discovery was received by the due date. On September 3, 2004, I wrote to counsel for the plaintiff in a good faith effort to eliminate the need for Sikorsky Aircraft to file the present motion to compel

1

discovery.  A copy of that letter is attached hereto as Exhibit C.

4.    No response to counsel's letter (Exhibit C) has been received, and, to date, no responses to either the interrogatories or the request for production of documents has been received.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT  .

EXECUTED ON OCTOBER 13, 2004.


Edward J. Dempsey
Labor Counsel
United Technologies Corporation
One Financial Plaza
Hartford, CT 06101
tel:   (860) 728-7858
efax:  (860) 660-0288
email: *ed.dempsey@utc.com*
Bar No. ct05183

EXHIBIT A

DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S
FIRST INTERROGATORIES TO PLAINTIFF

JULY 8, 2004

United States District Court
District of Connecticut

Michael Verrilli,

     *Plaintiff*

v.

Sikorsky Aircraft Corporation,

     *Defendant.*

Civil Action No.

3:03 CV 0541 (WWE)

July 8, 2004

### Defendant Sikorsky Aircraft Corporation's First Interrogatories to Plaintiff

The defendant, Sikorsky Aircraft Corporation, (hereafter "Sikorsky" or "Company"), requests the plaintiff, Michael Verrilli, to answer separately, in writing and under oath each of the following interrogatories and serve his answers on the undersigned attorney within thirty (30) days of service of these interrogatories on him. A space has been provided after each interrogatory for insertion of the response and/or objection. If more space is needed, the reverse side of these interrogatories may be used or you may use additional sheets of paper. The interrogatories must be answered in accordance with the definitions and rules of construction set out in Rule 26 of the Local Rules for the United States District Court for the District of Connecticut.

1

*Interrogatory No. 1*

Identify each job you have held at any time from March 30, 2000 to the present and, for each job, identify the employer, state the salary earned, the dates you held each job and the normal working hours for each job.

RESPONSE NO. 1:

*Interrogatory No. 2*

For the period since March 30, 2000 to the present, identify every potential employer from whom you sought employment, and state when you sought that employment, the specific job or jobs you were seeking and whether you were offered the job.

Response No. 2:

2

*Interrogatory No. 3*

Do you contend that Sikorsky or anyone acting on behalf of Sikorsky terminated your employment with Sikorsky in violation of a collective bargaining agreement between Sikorsky and Teamsters Local 1150 and, if so, state all facts on which you base that contention.

RESPONSE NO. 3:

*Interrogatory No.4*

Do you contend that prior to the termination of your employment on or about March 30, 2000 you did not have a second positive drug test and, if so, state all facts on which you base that contention.

RESPONSE NO. 4:

3

*Interrogatory No.5*

Do you contend that prior to the termination of your employment on or about March 30, 2000 you should not have been required to submit to the drug testing that resulted in a first and then a second positive drug test and, if so, state all facts on which you base that contention.

RESPONSE NO. 5:

*Interrogatory No.6*

Describe and/or identify all communications between you and any agents or employees of Sikorsky concerning the termination of your employment at Sikorsky.

RESPONSE NO. 6:

4

*Interrogatory No.7*

Identify all persons with knowledge of the facts alleged in your complaint and state the substance of each person's knowledge.

RESPONSE NO. 7:

*Interrogatory No. 8*

Identify all documents that you contend are, or contain, evidence in support of any of the claims asserted in your complaint.

RESPONSE NO. 8:

5

*Interrogatory No.9*

State with particularity what you contend Sikorsky did, or failed to do, that entitles you to obtain the relief you seek in this action.

RESPONSE NO. 9:

*Interrogatory No. 10*

State with particularity what you contend Teamsters Local 1150 did, or failed to do, that entitles you to obtain the relief you seek in this action.

RESPONSE NO. 10:

6

*Interrogatory No. 11*

Describe in detail the damages or other relief you are seeking in this action and state the basis on which you computed or otherwise determined those damages or other relief.

RESPONSE NO. 11:

For Defendant
Sikorsky Aircraft Corporation:


Edward J. Dempsey
Labor Counsel
United Technologies Corporation
One Financial Plaza
Hartford, CT 06101
tel: 860-728-7858
efax: 860-660-0288
email: ed.dempsey@utc.com
Bar No. ct05183

7

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Defendant

Sikorsky Aircraft Corporation's First Interrogatories to Plaintiff was served on all

parties by mailing a copy thereof this 8th day of July 2004 to all counsel of record:

John T. Bochanis
Daly, Weihing & Bochanis
Suite 710
1115 Main Street
Bridgeport, CT 06604

John T. Fussell
Robert M. Cheverie & Associates, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108

Edward J. Dempsey

8

EXHIBIT B

DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

JULY 8, 2004

United States District Court
District of Connecticut

Michael Verrilli,

         *Plaintiff*

v.

Sikorsky Aircraft Corporation,

         *Defendant.*

Civil Action No.

3:03 CV 0541 (WWE)

July 8, 2004

### Defendant Sikorsky Aircraft Corporation's First Request for Production of Documents to Plaintiff

The defendant, Sikorsky Aircraft Corporation, (hereafter "Sikorsky" or "Company"), pursuant to Rule 34, Federal Rules of Civil Procedure, requests the plaintiff, Michael Verrilli, to produce the following designated documents and things at 10:00 a.m. on August 16, 2004 at the offices of the undersigned attorney for Sikorsky. Alternatively, the plaintiff may make copies of the documents and forward them to the undersigned attorney for Sikorsky with a bill for the copying expenses, to be received on or before August 16, 2004.

In addition to actually producing the documents under one of the specified alternatives, you are required to serve a written response within thirty (30) days after service of this request which shall state, with respect to each item or category, that inspection will be permitted as requested, unless the request is objected

1

to, in which event the reasons for the objection shall be stated. A space has been provided after each request for production for insertion of the response and/or objection. This request for production should be answered in accordance with the definitions and rules of construction set out in Rule 26 of the Local Rules for the United States District Court for the District of Connecticut.

*Request No. 1*

All documents concerning the employment of Michael Verrilli with Sikorsky from the time you first applied for employment to the present.

RESPONSE NO. 1:

*Request No.2*

All documents received by you from Sikorsky or Teamsters Local 1150 regarding any disciplinary action relating to your employment by Sikorsky, including any grievances.

RESPONSE NO. 2:

*Request No.3*

All documents reflecting any communications between your or your agents, including your attorney, and Sikorsky or any of its present or former employees or agents concerning the subject matter of this lawsuit.

RESPONSE NO. 3:


*Request No.4*

All documents concerning any discussions between you or anyone acting on your behalf and Sikorsky (or its employees, former employees or agents) concerning the termination of your employment or your claims against Sikorsky.

RESPONSE NO. 4:


*Request No.5*

All documents concerning statements by or discussions with any persons with knowledge of the facts alleged in your complaint.

RESPONSE NO. 5:


3

*Request No. 6*

All documents concerning any grievance filed by you or on your behalf concerning your termination from employment by Sikorsky.

RESPONSE NO. 6:

*Request No. 7*

All federal, state and local income tax forms filed by you since January 1, 2000, including W-2 forms, and any schedules or other documents appended to such forms. If you do not have all of these tax records in your possession, you must request copies from the Internal Revenue Service or the appropriate state or local tax agency.

RESPONSE NO. 7:

4

*Request No. 8*

All documents identified in your answers to the defendant's first interrogatories to plaintiff dated July 8, 2004.

RESPONSE NO. 8:


*Request No. 9*

All documents relating to any drug tests administered to you while you were employed by Sikorsky.

RESPONSE NO. 9:


*Request No. 10*

All documents concerning your employment by any employer, or self-employment, since March 30, 2000, including, but not limited to, job descriptions, pay stubs, benefits statements, and documents concerning your job title, your job status, or your rate of pay.

RESPONSE NO. 10:


5

*Request No. 11*

All documents concerning your contention that you were terminated in violation of the collective bargaining agreement between Sikorsky and Teamsters Local 1150.

RESPONSE NO. 11:

                              For Defendant Sikorsky Aircraft
                              Corporation:

                              Edward J. Dempsey
                              Labor Counsel
                              United Technologies Corporation
                              One Financial Plaza
                              Hartford, CT 06101
                              tel: 860-728-7858
                              fax: 860-660-0288
                              email: ed.dempsey@utc.com
                              Bar No. ct05183

6

Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Defendant

Sikorsky Aircraft Corporation's First Interrogatories to Plaintiff was served on all

parties by mailing a copy thereof this 8th day of July 2004 to all counsel of record:

John T. Bochanis
Daly, Weihing & Bochanis
Suite 710
1115 Main Street
Bridgeport, CT 06604

John T. Fussell
Robert M. Cheverie & Associates, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108


Edward J. Dempsey

7

EXHIBIT C

LETTER TO PLAINTIFF'S COUNSEL
PURSUANT TO D. CONN. L. CIV. R. 37(A)(2)

SEPTEMBER 3, 2004

United Technologies Corporation
United Technologies Building
Hartford, CT 06101
(860) 728-7858
elax (860) 660-0288

**United Technologies**

Edward J. Dempsey
Director · Industrial Relations
and Labor Counsel

September 3, 2004

John T. Bochanis
Daly, Weihing & Bochanis
1115 Main Street, Suite 710
Bridgeport, CT 06604

Re:   *Verrilli v. Sikorsky Aircraft*
      Civil Action No. 3:03 CV 0541 (WWE)

Dear Attorney Bochanis:

On July 8, 2004, Sikorsky Aircraft served you with its first interrogatories and first request for production of documents. Answers or objections to that discovery were due no later than August 10, 2004, but none have been served. Since you did not file any timely objections to the interrogatories, all objections to the interrogatories have been waived, pursuant to Fed. R. Civ. P. 33(b)(4).

Please provide answers to the interrogatories and the requested documents promptly. This letter is written pursuant to D. Conn. L. Civ. R. 37(a)(2) in a good faith effort to eliminate the need for Sikorsky Aircraft to file a motion to compel discovery pursuant to Fed R. Civ. P. 37.

Thank you for your anticipated cooperation.

Edward J. Dempsey

cc:   John T. Fussell, Esq.

## Certificate of Service

I, Edward J. Dempsey, hereby certify that a copy of the foregoing Affidavit of Counsel in Support of Defendant Sikorsky Aircraft's Motion to Compel Discovery was served on all parties by mailing a copy thereof this 13th day of October 2004 to all counsel of record:

John T. Bochanis
Daly, Weihing & Bochanis
Suite 710
1115 Main Street
Bridgeport, CT 06604

John T. Fussell, Esq.
Robert M. Cheverie & Associates, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT 06108

Edward J. Dempsey