UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL VERRILLI | : | |
| Plaintiff | : | Civil Action No.: |
| | : | 3:03-CV-0541 (WWE) |
| vs. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORPORATION, | : | |
| AND TEAMSTERS LOCAL 1150 | : | OCTOBER 19, 2004 |
| Defendants | : | |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANT
TEAMSTERS LOCAL 1150'S MOTION TO COMPEL DISCOVERY**

I, John T. Fussell, declare as follows:

1.      I am counsel for the Defendant, Teamsters Local 1150, in the above captioned matter.

2.      Defendant Teamsters Local 1150 served upon Plaintiff Interrogatories and Requests for Production dated June 2, 2004 **(Attachment A)**.

3.      Plaintiff, by notice dated June 10, 2004, filed objections to Interrogatories 2, 3 and 6 and Requests for Production 1, 5, 6, 7 and 10 **(Attachment B)** but did not provide any answer or documents in response to Interrogatories 1, 4, and 5 and Requests for Production 2, 3, 4, 8, and 9.

4.      In response to Plaintiff's objections dated June 10, 2004 **(Attachment B)**, Defendant, by letter dated June 16, 2004, amended Interrogatories 2, 3, and 6 and Production Requests 1, 5, 6, and 7 **(Attachment C)**.

5.      Plaintiff did not respond to or provide any information in response to the non-objected Interrogatories and Requests for Production and did not respond to or provide any information in response to the objected Interrogatories and Production Requests that were amended by letter dated June 16, 2004.

6.      By letter dated July 16, 2004, Defendant noticed Plaintiff that his continued failure to provide the requested discovery would result in a Motion for Order Compelling Discovery **(Attachment D)**.

7.      As of this date, Plaintiff has not provided the requested discovery nor has he responded to counsel's correspondence.

8.      During a subsequent telephone conversation in August with Plaintiff's counsel regarding the unanswered discovery and requesting dates for the deposition of Plaintiff Verrilli, Attorney Bochanis stated that he would be seeking an extension of the November 1, 2004 discovery deadline and that he would take another look at providing the requested discovery.

9.      To date, Plaintiff has not provided any of the requested discovery nor has Plaintiff requested an extension of the November 1, 2004 discovery deadline.

10.     As far back as July 16, 2004 and again during the August telephone conversation, Defendant Local 1150 asked Plaintiff's counsel to provide dates convenient to his schedule on which Defendant could depose Plaintiff Verrilli.  Despite his assurance of

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

cooperation, Plaintiff's counsel never provided any dates that his client would be available for deposition.

11.     By Notice of Deposition and Subpoena dated October 7, 2004, Defendant Local 1150 has scheduled the deposition of Plaintiff Verrilli on Friday, October 29, 2004 in the law office of Robert M. Cheverie and Associates, P.C. at 10:00AM.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON OCTOBER 19, 2004.

By: _____

John T. Fussell, Esq., of
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT  06108-4206
Attorney for Defendant Local 1150
Federal Bar No. ct17989
Tele:   (860) 290-9610
Fax:    (860) 290-9611
e-mail:  jfussell@cheverielaw.com

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# ATTACHMENT A

# ROBERT M. CHEVERIE & ASSOCIATES, P.C.

### ATTORNEYS AND COUNSELLORS AT LAW

ROBERT M. CHEVERIE*
THOMAS M. BROCKETT
JOHN T. FUSSELL
GREGORY S. CAMPORA
JOHN M. BROWN*
*ALSO ADMITTED IN MASSACHUSETTS

COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CONNECTICUT 06108

 50

TELEPHONE 860-290-9610
FAX 860-290-9611
E-MAIL INFO@CHEVERIELAW.COM

June 2, 2004

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604-4406

Re:   **Michael Verrilli v. Sikorsky Aircraft Corp, et al**
      **Civil Action No. 3:03-CV-0541 (WWE)**

Dear Attorney Bochanis:

Enclosed please find Defendant Teamsters Local 1150's First Set of Interrogatories and First Request for Production of Documents to Plaintiff Michael Verrilli.

Very truly yours,

John T. Fussell

JTF/kmd

Enclosure

JTF.Teamsters 1150.MICHAEL VERRILLI
LTR John Bochanis Send Verrilli First Set of INTS & Request for Production 6-2-04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL VERRILLI | : | |
| Plaintiff | : | Civil Action No.:<br>3:03-CV-0541 (WWE) |
| | : | |
| vs. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORPORATION,<br>AND TEAMSTERS LOCAL 1150 | : | June 2, 2004 |
| Defendants | : | |

## DEFENDANT TEAMSTERS LOCAL 1150'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Teamsters Local No. 1150 hereby requests that the Plaintiff answer, under oath, the following interrogatories and respond to the following request for documents within thirty (30) days of the date of service. Answers to the interrogatories and produced documents are to be delivered to Attorney John T. Fussell at the law firm of Robert M. Cheverie & Associates, P. C., 333 East River Drive, Suite 101, East Hartford, Connecticut, 06108-4206.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the term "Plaintiff" shall mean Michael A. Verrilli, and each interrogatory and request must be answered individually by Michael A. Verrilli.

2.     As used herein, the terms "you," "your," and "yours" means Plaintiff.

3.     As used herein, all words in the singular shall be construed to include the plural, and vice versa, and all words in either the masculine, feminine or neuter shall be construed also to include the other genders.

4.     As used herein, the words "and" and "or" shall be construed in the conjunctive, disjunctive, or both as necessary to give the particular request or interrogatory the broadest and most inclusive scope.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

5.      Unless otherwise specified, each request and interrogatory shall cover the time period from January 1, 1999 to the present.

6.      As used herein, the term "person" or "individual" means any natural person, corporation, partnership, unincorporated association, government, government agency, firm, trust, group, or any other entity.

7.      As used herein, the term "employer" means any employer for whom Plaintiff was employed for any period of time since January 1, 1998.

8.      As used herein, the term "concern" or "concerning" or the phrase "relating to" shall mean and include pertaining to, referring to, alluding to, connected with, commenting on, regarding, comprising, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, illustrating, depicting, summarizing, reporting, supporting, contradicting or rebutting, directly or indirectly.

9.      The word "document" as used herein means the original or any copy of any notes, correspondence, memoranda (including written memoranda of telephone conversations, in-person conversations, e-mail, other discussions, agreements, and any other acts, transactions or activities), invoices, time sheets, expense vouchers, contracts, agreements, drafts, bills of sale, purchase orders, ledgers, cancelled checks, deposit slips, budgets, receipts, books of account, order forms, records, requisitions, sound recordings (tape recordings or other recordings), video recordings, transcripts, computer-stored data, printouts, or any other written matter of any kind including, but not limited to, any marginal comments appearing on any documents or any other writing.

10.     The word "communication" as used herein means any oral or written transmittal or information, or request for information, made from one person to another person, whether made in person, by telephone, tape recording, or by any other means, and includes any documents made only for the purpose of recording a communication, an idea, statement, opinion or belief.

11.     As used herein, the term "oral communication" means any conversation, telephone conversation, statement, discussion, debate, interview, argument, disclosure, consultation, meeting, and any other manner or oral utterance.

12.     As used herein, the term "correspondence" means any document sent or delivered by one or more persons to one or more persons.

13.     As used herein, the term "identify" means, with respect to a natural person, set forth: (a) his/her full name; (b) his/her present or last known business and residence address; (c) his/her employer; and (d) the relationship or position (or positions) held.

14.     As used herein, the term "identify" means, with respect to an employer, or other association or business entity, set forth: (a) its full name; (b) its address; (c) its state of incorporation, if any.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

15.    As used herein, the term "identify" means, with respect to correspondence or communication, set forth: (a) the customary business description of the document or communication; (b) its number, if any; (c) its date; (d) the identity of the addressor(s) or author(s) of the document or communication; (e) the identity of the addressee(s) or recipient(s) of the document or communication; (f) the identity of all persons who possess, control, or have custody of each document; and (g) a brief description of the substance of each document or communication.

16.    To "identify" an act, occurrence, happening or event is to provide a complete description of the act, occurrence, happening or event sufficient to distinguish it from all other acts, happenings, or occurrences or events and further is to state: (a) the person or persons performing the act or involved in the occurrence, happening or event; (b) the date on which the act, occurrence, happening or event occurred; (c) the duration of the act, occurrence, happening or event; and (d) the place at which the act, occurrence, event or happening occurred.

17.    If any of these interrogatories or requests for documents cannot be answered or responded to in part or in full, then you should: (a) answer or respond to the extent possible; (b) specify each reason for your inability to answer or respond to the interrogatory or request for portion thereof; and (c) state whatever information or knowledge you have concerning the unanswered portion.  If and only if a specific response is not possible, then provide a general response which is as specific as possible.

18.    In the event that it is claimed that any document responsive to any request is privileged, each privileged document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged.  To "identify" a document means to provide a description sufficient to identify that document for the purpose of a subpoena duces tecum and is further to state the:

       a.    Date on which the document was prepared;
       b.    Author or authors of the documents;
       c.    Address of the document, if any;
       d.    Title of the document, if any; and
       e.    Substance thereof to the extent not privileged.

19.    In answering each interrogatory, furnish all information available to you, regardless of whether it is based on personal knowledge, business record(s), oral communication, hearsay, or any other source.

20.    These interrogatories and document requests are continuing and require supplemental responses and production.  If any answer is not presently known or available, include a statement to that effect and furnish the answer when known or available.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# INTERROGATORIES

1.    Please state your name, address, telephone number, and social security number and state whether prior to answering these interrogatories you have made a due and diligent search for the requested documents, communications, correspondence, records of oral correspondence and a due and diligent inquiry of the agent(s) and representatives, if any, of the Plaintiff.

2.    Identify each and every individual Plaintiff anticipates calling as a witness in the above-captioned case.  Include in the response each witness's:
        a)    Name;
        b)    Business address and telephone number;
        c)    Residential address and telephone number;
        d)    Detailed description of each individual's anticipated testimony.

3.    Identify each and every individual who has information pertaining to the facts and allegations contained in Plaintiff's Complaint filed in this case.  Include in your response each individual's:
        a)    Name;
        b)    Business address and telephone number;
        c)    Residential address and telephone number; and
        d)    Detailed description of each individual's anticipated testimony.

4.    Identify all experts you expect may be called by Plaintiff at the trial of this action, including in your answer his or her:
        a)    Name;
        b)    Business address and telephone number;
        c)    Residential address and telephone number;
        d)    Educational background, including all degrees held or honors received;
        e)    Employment history, including positions held, dates, and the names and addresses of the employers;
        f)    All professional associations, including offices held, if any;

    g)    List of all cases in which said expert has previously testified as such, including the jurisdiction, the dates of testimony and areas of expertise in which the expert testified; and

    h)    All publications, books, and articles of which the expert is the author or to which he contributed, and specifically in what capacity.

5.    With respect to all experts identified pursuant to Interrogatories 3 and 4 above, describe in detail the issue and subject matter on which each such expert may be called to testify at the trial of this case, the substance of the facts and opinions on which each expert may be expected to testify, and a summary of the grounds for each opinion. If the expert has engaged in any financial or statistical analysis relating to this case, please provide in detail a description of the type of analysis or statistical model used by the expert in analyzing facts relating to this case.

6.    Describe in detail each and every document, communication, and tape recording (oral and written) between Plaintiff and any employee, agent, or representative of Defendant Teamsters Local 1150 pertaining to:

    a)    Plaintiff's drug use during the period 1998, 1999 and 2000;

    b)    Sikorsky Aircraft Drug Policy;

    c)    The positive result for cannabinoids that resulted from Plaintiff's drug test collection dated September 9, 1999;

    d)    Plaintiff's referral to EAP following Plaintiff's positive drug test from the collection dated September 9, 1999;

    e)    The positive result for Cocaine Metabolites that resulted from Plaintiff's drug test collection dated March 21, 2000;

    f)    Grievance No. 00-0360 filed in response to Plaintiff's termination on March 30, 2000;

    g)    Plaintiff's allegation that he was wrongfully discharged by Sikorsky Aircraft Corporation in violation of the parties' collective bargaining agreement.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

7.      Identify and list every employer by name and address with whom Plaintiff sought employment during the period of March 30, 2000 to the present, including:

        a)      Date(s) Plaintiff sought employment from any employer;

        b)      Manner in which Plaintiff sought employment from any employer listed in (a) above;

        c)      Result(s) of Plaintiff's effort identified in (a) above.

8.      Identify and list each and every job worked by Plaintiff during the period of April 1, 2000 to present, including:

        a)      Job title;

        b)      Skill(s) necessary for the job;

        c)      Name and address of the employer;

        d)      Wage rate for the job;

        e)      Duration of the job (starting date – ending date).

9.      Identify from 1998 through the present total annual earnings and income each year received by Plaintiff including:

        a)      Source of each earnings and income, i.e. employment, business, other;

        b)      The name and address of the employer, business, or entity from which Plaintiff earned income.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# DOCUMENT AND OBJECT REQUEST

1.      Provide each and every document Plaintiff(s) described in Interrogatory No. 6 above.

2.      Provide each and every document related to the information listed in Interrogatory No. 7 above.

3.      Provide each and every document related to the information listed in Interrogatory No. 8 above, specifically including any and all W-2 forms and 1099 forms received by Plaintiff each year.

4.      Provide each and every document related to the information listed in Interrogatory No. 9 above.

5.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 8 of Plaintiff's Complaint.

6.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 11 of Plaintiff's Complaint.

7.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 12 of Plaintiff's Complaint.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

8.     Provide Plaintiff's Federal and State Tax Returns for each year from 1998 through 2004.

9.     Provide Plaintiff's IRS W-2 forms received by Plaintiff Verrilli for the years 1999, 2000, 2001, 2002, and 2003.

10.     Provide each and every document Plaintiff intends to introduce during the hearing or trial of this case.

Respectfully submitted,

DEFENDANT,
TEAMSTERS LOCAL NO. 1150

By:   _____
John T. Fussell, Esq.
Their Attorney
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4206
Telephone No.: (860) 290-9610
Fed. Bar # ct17989

JTF.TMST1150.Verrilli
Defendant 1150's First Set of Interrogatories and Request for Production to Verrilli.06-2-04

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# ATTACHMENT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**MICHAEL VERRILLI**    **Plaintiff**           :
           :
           :**Case No. 3:03 CV 0541 (WWE)**

**vs.**           :
           :

**SIKORSKY AIRCRAFT CORPORATION**    :
**AND TEAMSTERS LOCAL 1150**         :
         **Defendants**        :**June 10, 2004**

## NOTICE OF FILING OBJECTIONS
## TO INTERROGATORIES AND REQUEST FOR PRODUCTION

The Plaintiff in the above referenced matter hereby gives notice of filing of objections to the Defendant, Teamsters Local 1150's interrogatories 2, 3 and 6; and requests for production 1, 5, 6, 7 and 10 dated June 2, 2004. The objections are attached hereto.

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
203-333-8500
fed ct. 00138

1

**<u>Certificate of Service</u>**

I, John T. Bochanis, hereby certify that a copy of the foregoing was served on all

parties by mailing copies thereof this 10th day of June, 2004 to all counsel of record:

Edward J. Dempsey
United Technologies Corporation
United Technologies Building
Hartford, CT 06101

John T. Fussell
Robert M. Cheverie & Associates, P.C.
Commerce Center One
333 East River Drive Suite 101
East Hartford, CT 06108

_____
John T. Bochanis

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL VERRILLI

                Plaintiff

vs.

SIKORSKY AIRCRAFT CORPORATION,
AND TEAMSTERS LOCAL 1150

                Defendants

Civil Action No.:
3:03-CV-0541 (WWE)

June 2, 2004

## DEFENDANT TEAMSTERS LOCAL 1150'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Teamsters Local No. 1150 hereby requests that the Plaintiff answer, under oath, the following interrogatories and respond to the following request for documents within thirty (30) days of the date of service. Answers to the interrogatories and produced documents are to be delivered to Attorney John T. Fussell at the law firm of Robert M. Cheverie & Associates, P. C., 333 East River Drive, Suite 101, East Hartford, Connecticut, 06108-4206.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the term "Plaintiff" shall mean Michael A. Verrilli, and each interrogatory and request must be answered individually by Michael A. Verrilli.

2.    As used herein, the terms "you," "your," and "yours" means Plaintiff.

3.    As used herein, all words in the singular shall be construed to include the plural, and vice versa, and all words in either the masculine, feminine or neuter shall be construed also to include the other genders.

4.    As used herein, the words "and" and "or" shall be construed in the conjunctive, disjunctive, or both as necessary to give the particular request or interrogatory the broadest and most inclusive scope.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# INTERROGATORIES

1.     Please state your name, address, telephone number, and social security number and state whether prior to answering these interrogatories you have made a due and diligent search for the requested documents, communications, correspondence, records of oral correspondence and a due and diligent inquiry of the agent(s) and representatives, if any, of the Plaintiff.

2.     Identify each and every individual Plaintiff anticipates calling as a witness in the above-captioned case.  Include in the response each witness's:

   a)     Name;
   b)     Business address and telephone number;
   c)     Residential address and telephone number;
   d)     Detailed description of each individual's anticipated testimony.

OBJECTION:     Information requested is the subject of the parties' trial memorandum. In addition, identification of witnesses will not be fully known until after completion of discovery.

3.     Identify each and every individual who has information pertaining to the facts and allegations contained in Plaintiff's Complaint filed in this case.  Include in your response each individual's:

   a)     Name;
   b)     Business address and telephone number;
   c)     Residential address and telephone number; and
   d)     Detailed description of each individual's anticipated testimony.

OBJECTION:     Information requested is overly broad and burdensome and not reasonably restricted and calculated to lead to the discovery of admissible evidence.

4.     Identify all experts you expect may be called by Plaintiff at the trial of this action, including in your answer his or her:

   a)     Name;
   b)     Business address and telephone number;
   c)     Residential address and telephone number;
   d)     Educational background, including all degrees held or honors received;
   e)     Employment history, including positions held, dates, and the names and addresses of the employers;
   f)     All professional associations, including offices held, if any;

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

g)   List of all cases in which said expert has previously testified as such, including the jurisdiction, the dates of testimony and areas of expertise in which the expert testified; and

h)   All publications, books, and articles of which the expert is the author or to which he contributed, and specifically in what capacity.

5.   With respect to all experts identified pursuant to Interrogatories 3 and 4 above, describe in detail the issue and subject matter on which each such expert may be called to testify at the trial of this case, the substance of the facts and opinions on which each expert may be expected to testify, and a summary of the grounds for each opinion. If the expert has engaged in any financial or statistical analysis relating to this case, please provide in detail a description of the type of analysis or statistical model used by the expert in analyzing facts relating to this case.

6.   Describe in detail each and every document, communication, and tape recording (oral and written) between Plaintiff and any employee, agent, or representative of Defendant Teamsters Local 1150 pertaining to:

a)   Plaintiff's drug use during the period 1998, 1999 and 2000;

b)   Sikorsky Aircraft Drug Policy;

c)   The positive result for cannabinoids that resulted from Plaintiff's drug test collection dated September 9, 1999;

d)   Plaintiff's referral to EAP following Plaintiff's positive drug test from the collection dated September 9, 1999;

e)   The positive result for Cocaine Metabolites that resulted from Plaintiff's drug test collection dated March 21, 2000;

f)   Grievance No. 00-0360 filed in response to Plaintiff's termination on March 30, 2000;

g)   Plaintiff's allegation that he was wrongfully discharged by Sikorsky Aircraft Corporation in violation of the parties' collective bargaining agreement.

OBJECTION:   Documents and communications described are in the possession of the Defendant and/or can be equally obtained by the Defendant.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# DOCUMENT AND OBJECT REQUEST

1.      Provide each and every document Plaintiff(s) described in Interrogatory No. 6 above.

OBJECTION:      Documents and communications described are in the possession of the Defendant and/or can be equally obtained by the Defendant.

2.      Provide each and every document related to the information listed in Interrogatory No. 7 above.

3.      Provide each and every document related to the information listed in Interrogatory No. 8 above, specifically including any and all W-2 forms and 1099 forms received by Plaintiff each year.

4.      Provide each and every document related to the information listed in Interrogatory No. 9 above.

5.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 8 of Plaintiff's Complaint.

OBJECTION:      Information requested is very broad and burdensome. Requested information includes non-party statements. Requested information is beyond the scope of discovery.

6.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 11 of Plaintiff's Complaint.

OBJECTION:      Information requested is very broad and burdensome. Requested information includes non-party statements. Requested information is beyond the scope of discovery.

7.      Provide any document or statement that supports the allegation(s) against Defendant Teamsters Local 1150 in paragraph 12 of Plaintiff's Complaint.

OBJECTION:      Information requested is very broad and burdensome. Requested information includes non-party statements. Requested information is beyond the scope of discovery.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

8.    Provide Plaintiff's Federal and State Tax Returns for each year from 1998 through 2004.

9.    Provide Plaintiff's IRS W-2 forms received by Plaintiff Verrilli for the years 1999, 2000, 2001, 2002, and 2003.

10.    Provide each and every document Plaintiff intends to introduce during the hearing or trial of this case.

OBJECTION:    Information requested is beyond the scope of permitted discovery. Information requested is addressed through the parties' trial memoranda after the completion of discovery.

DEFENDANT,
TEAMSTERS LOCAL NO. 1150

By:    _____
John T. Fussell, Esq.
Their Attorney
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT  06108-4206
Telephone No.:  (860) 290-9610
Fed. Bar # ct17989

JTF.TMST1150.Verrilli
Defendant 1150's First Set of Interrogatories and Request for Production to Verrilli.06-2-04

-8-
**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604
203-333-8500
fed ct. 00138

# ATTACHMENT C

### ROBERT M. CHEVERIE & ASSOCIATES, P.C.
ATTORNEYS AND COUNSELLORS AT LAW

ROBERT M. CHEVERIE*
THOMAS M. BROCKETT
JOHN T. FUSSELL
GREGORY S. CAMPORA
JOHN M. BROWN*
*ALSO ADMITTED IN MASSACHUSETTS

COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CONNECTICUT 06108

TELEPHONE 860-290-9610
FAX 860-290-9611
E-MAIL INFO@CHEVERIELAW.COM

 50

*SENT VIA FAX TRANSMISSION*
*TO (203) 334-0305 AND FIRST CLASS MAIL*

June 16, 2004

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT  06604-4406

Re:   **Michael Verrilli v. Sikorsky Aircraft Corp, et al**
      **Civil Action No. 3:03-CV-0541 (WWE)**
      1.      **Request For Plaintiff's Rule 26(a)(1) Initial Disclosure**
      2.      **Reply to Plaintiff's Objections to Interrogatories and Production Request**

Dear Attorney Bochanis:

        This letter represents Defendant Teamsters Local 1150's good faith effort to resolve the present discovery dispute presented by Plaintiff's Notice of Filing Objections dated June 10, 2004, without resort to the Court pursuant to F.R.C.P. 37.

        Pursuant to the Case Management Plan detailed in the Report of the Parties Planning Meeting dated April 19, 2004, Initial Disclosures were due on or before May 30, 2004. To date, Defendant Teamsters Local 1150 has not received Plaintiff's F.R.C.P. 26(a) (1) Initial Disclosures.  Please forward Plaintiff's Initial Disclosures to this office immediately.

        Your Objections to Teamsters Local 1150's Interrogatories 2, 3 and 6 and Requests for Production 1, 5, 6, 7 and 10 dated June 2, 2004 are unreasonable and make no effort to provide information well within the scope of discovery to which Defendant Teamsters are entitled pursuant to the F.R.C.P. Discovery Rules.  Nonetheless, in an effort to address the concerns raised by your Notice of Objections dated June 10, 2004, Defendant Teamsters revises Interrogatories 2, 3, and 6, and Production Requests 1,5,6, 7 and 10 to which you have objected as follows:

## AMENDED INTERROGATORIES

        2.      Identify each and every individual Plaintiff anticipates at this time calling as a witness in the above-captioned case against Defendant Teamsters Local Union No. 1150. Include in the response each witness's:
        a)      Name;
        b)      Business address and telephone number;
        c)      Residential address and telephone number;
        d)      A description of the subject matter for which the witness is offered.

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
June 16, 2004
Page 2


    3.      Identify each and every individual likely to have discoverable information that the Plaintiff may use to support his claims against Defendant Teamsters Local Union No. 1150.  Include in the response each individual's

           a)    Name;
           b)    Business address and telephone number;
           c)    Residential address and telephone number;
           d)    A description of the subject matter.


    6.      Describe each and every document, communication, and tape recording (oral and written), data compilations and tangible things that are in the possession, custody, or control of the Plaintiff that Plaintiff may use for support of its claims against Defendant Teamsters Local Union No. 1150.


## AMENDED DOCUMENT AND OBJECT REQUEST

    1.      Provide each and every document within Plaintiff's possession, custody, or control that Plaintiff describes in response to Interrogatory No. 6.


    5.      Provide each and every document within Plaintiff's possession, custody, or control that Plaintiff believes supports the allegation of paragraph 8 of the Complaint that *"Plaintiff was not discharged for just cause and that the penalty of the discharge was excessive, unjust, unfair and discriminatory in violation of the provisions of the agreement."*


    6.      Provide each and every document within Plaintiff's possession, custody, or control that Plaintiff believes supports the allegation of Paragraph 11 of the Complaint that Defendant Union *"without reason or cause has arbitrarily and capriciously failed to fully investigate Plaintiff's grievance; failed to follow its normal and customary practices in the handling of the discharge grievances; and without reason, has failed to demand arbitration, thus depriving Plaintiff of his only opportunity to obtain an impartial hearing of his grievance and to obtain reinstatement to his job with full back pay."*


    7.      Provide each and every document within Plaintiff's possession, custody or control that Plaintiff believes supports the allegation of Paragraph 12 of the Complaint that Defendant Union *"acted in bad faith and has in an arbitrary, discriminatory, perfunctory and grossly negligent manner in the handling of Plaintiff's meritorious grievance and the Union's unfair representation, as aforesaid, has prevented Plaintiff from exhausting his contract remedies."*

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
June 16, 2004
Page 3


    10.     Temporarily withdrawn.


    Please contact me if you feel the need to discuss these amended Interrogatories and Production Requests.

    I look forward to your response.


                        Very truly yours,

                        John T. Fussell

JTF/kmd

cc:    Edward J. Dempsey
       Director - Industrial Relations and Labor Counsel
       United Technologies Corporation
       One Financial Plaza
       Hartford, CT  06101

JTF.Teamsters 1150.MICHAEL VERRILLI
LTR Atty John Bochanis re Amended INTS & Requests for Production 06-16-04

Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT  06108
Telephone: (860) 290-9610
Fax: (860) 290-9611

**ROBERT M. CHEVERIE
& ASSOCIATES, P.C.**

# Fax Transmission

**To:**              JOHN T. BOCHANIS, ESQ.

**Company :**     DALY, WEIHING & BOCHANIS

**Fax Number:**    (203) 334-0305

**Pages (including cover sheet):**      4

**From:**           JOHN T. FUSSELL, ESQ.

**Date:**            JUNE 16, 2004

**Re:**       REPLY TO PLAINTIFF'S OBJECTIONS / INITIAL DISCLOSURES

☐ **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

● **Comments:**

## Re:  Michael Verrilli v. Sikorsky Aircraft Corp, et al
## Civil Action No. 3:03-CV-0541 (WWE)

*Please see attached.  Thank you.*

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS
ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT
FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE
TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U. S. POSTAL SERVICE. THANK YOU.

Case 3:03-cv-00541-WWE Document 32-3 Filed 10/20/2004 Page 28 of 33

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

JOB NO.             1772
DESTINATION ADDRESS 12033340305
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME            06/16 13:28
USAGE T             00'59
PGS.                4
RESULT              OK
```

# ATTACHMENT D

## ROBERT M. CHEVERIE & ASSOCIATES, P.C.

### ATTORNEYS AND COUNSELLORS AT LAW

ROBERT M. CHEVERIE*
THOMAS M. BROCKETT
JOHN T. FUSSELL
GREGORY S. CAMPORA
JOHN M. BROWN*
*ALSO ADMITTED IN MASSACHUSETTS

COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CONNECTICUT 06108



TELEPHONE 860-290-9610
FAX 860-290-9611
E-MAIL INFO@CHEVERIELAW.COM

*SENT VIA FAX TRANSMISSION*
*TO (203) 334-0305 AND FIRST CLASS MAIL*

July 16, 2004

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT  06604-4406

**Re:    Michael Verrilli v. Sikorsky Aircraft Corp, et al**
**Civil Action No. 3:03-CV-0541 (WWE)**
   **1.    2nd Request For Plaintiff's Rule 26(a)(1) Initial Disclosure**
   **2.    2nd Request For Plaintiff's Reply to Defendant Teamsters Local 1150's**
   **Interrogatories and Production Request**

Dear Attorney Bochanis:

This letter follows my letter dated June 16, 2004 requesting once again Plaintiff's Rule 26(a)(1) Initial Disclosures and responses to Defendant Teamsters Local 1150's Amended Interrogatories and Requests for Production.

Pursuant to the Case Management Plan detailed in the Report of the Parties' Planning Meeting dated April 19, 2004, Initial Disclosures were due on or before May 30, 2004.  To date, Defendant Teamsters Local 1150 has not received Plaintiff's F.R.C.P. 26(a)(1) Initial Disclosures.  Please forward them to this office immediately.

Your former Objections to Teamsters Local 1150's Interrogatories 2, 3 and 6 and Requests for Production 1, 5, 6, 7 and 10 dated June 2, 2004 made no effort to provide information well within the scope of discovery to which Defendant Teamsters are entitled pursuant to the F.R.C.P. Discovery Rules.  Nonetheless, in an effort to address the concerns raised by your Notice of Objections dated June 10, 2004, Defendant Teamsters forwarded you a letter dated June 16, 2004 amending Interrogatories 2, 3, and 6, and Production Requests 1,5,6, 7 and 10.  To date you have not responded in any fashion to the letter or to the amended discovery request.

Please be advised that failure to provide the requested discovery will result in a Motion for Order Compelling Discovery pursuant to F.R.C.P. Rule 37.

Finally, Defendant Teamsters intends to depose Mr. Verrilli and are seeking date(s) that are convenient for both you and your client.  Please discuss this with your client. Assuming you provide dates, efforts will be made to accommodate your schedules.

John T. Bochanis, Esq.
DALY, WEIHING & BOCHANIS
July 16, 2004
Page 2


Please feel free to contact me if you feel the need to discuss the requests of this letter.
I look forward to your response.

Very truly yours,

John T. Fussell

JTF/kmd

cc:    Edward J. Dempsey
       Director - Industrial Relations and Labor Counsel
       United Technologies Corporation
       One Financial Plaza
       Hartford, CT  06101

JTF.Teamsters 1150.MICHAEL VERRILLI
LTR Atty John Bochanis re 2nd request for Discovery responses 07-16-04

Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT  06108
Telephone: (860) 290-9610
Fax: (860) 290-9611

**ROBERT M. CHEVERIE
& ASSOCIATES, P.C.**

# Fax Transmission

**To:**            JOHN T. BOCHANIS, ESQ.

**Company :**      DALY, WEIHING & BOCHANIS

**Fax Number:**    (203) 334-0305

**Pages (including cover sheet):**     3

**From:**          JOHN T. FUSSELL, ESQ.

**Date:**          JULY 16, 2004

**Re:**      REPLY TO PLAINTIFF'S OBJECTIONS / INITIAL DISCLOSURES

☐ **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

● **Comments:**

### Re:  Michael Verrilli v. Sikorsky Aircraft Corp, et al
### Civil Action No. 3:03-CV-0541 (WWE)

*Please see attached.  Thank you.*

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS
ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT
FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR AN EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE
TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U. S. POSTAL SERVICE. THANK YOU.

```
                        ********************
                        ***   TX REPORT   ***
                        ********************

        TRANSMISSION OK

        JOB NO.              2050
        DESTINATION ADDRESS  12033340305
        PSWD/SUBADDRESS
        DESTINATION ID
        ST. TIME             07/16 13:55
        USAGE T              00'45
        PGS.                  3
        RESULT               OK
```