UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL VERRILLI | ) | |
| | ) | |
| *Plaintiff* | ) | Civil Action No. |
| | ) | 3:03-CV-0541 (WWE) |
| vs. | ) | |
| | ) | |
| SIKORSKY AIRCRAFT CORPORATION | ) | |
| *and* | ) | |
| TEAMSTERS LOCAL UNION NO. 1150 | ) | March 10, 2005 |
| | ) | |
| *Defendants* | ) | |

**DEFENDANT TEAMSTERS LOCAL NO. 1150'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Submitted by:

John T. Fussell, Esq.
Robert M. Cheverie, Esq.
ROBERT M. CHEVERIE &
  ASSOCIATES, P.C.
Commerce Center One
333 East River Drive
Suite 101
East Hartford, CT  06108-4206

Attorneys for Defendant
Teamsters Local Union No. 1150

# TABLE OF CONTENTS

**PAGE**

I.    STATEMENT OF UNDISPUTED MATERIAL FACTS. . . . . . . . . . .    3

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

      A.    SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . .    7

      B.    PLAINTIFF CANNOT ESTABLISH EITHER A BREACH
            OF THE COLLECTIVE BARGAINING AGREEMENT OR A
            BREACH OF THE DUTY OF FAIR REPRESENTATION AND,
            THEREFORE, HIS CLAIMS AGAINST DEFENDANT
            TEAMSTERS LOCAL 1150 FAIL AS A MATTER OF LAW. . . . .    9

            1.    Sikorsky's decision to terminate Mr. Verrilli because he
                  twice failed FAA drug tests is soundly based upon the
                  explicit language of the CBA and did not breach that
                  Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

            2.    The Union's decision not to arbitrate Mr. Verrilli's drug
                  termination grievance did not breach the duty of fair
                  representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

      C.    PLAINTIFF VERRILLI'S CLAIM IS TIME-BARRED BY THE
            APPLICABLE *DELCOSTELLO* SIX-MONTH STATUTE OF
            LIMITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    21-23

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## I.    STATEMENT OF UNDISPUTED MATERIAL FACTS

This case arises from Defendant Sikorsky Aircraft Corporation's termination of Plaintiff Michael Verrilli's employment ("Mr. Verrilli") on March 30, 2000 as the result of Mr. Verrilli's second positive FAA drug test (Defendant Teamsters Local Union No. 1150's Statement of Material Facts Not in Dispute, ¶ 1).[1]

Defendant Sikorsky Aircraft Corporation manufactures, maintains, overhauls and repairs helicopters and helicopter parts for commercial and government customers (Facts Not In Dispute, ¶ 6). Federal Regulations require such aviation industry employer to ensure that its employees engaged in, or likely to be engaged in, "safety-sensitive" work as deemed by the Federal Aviation Administration ("FAA") are free from the influence of illegal drugs (Facts Not In Dispute, ¶ 7-14, 19, 26). An employee who twice tests positive as provided in 14 CFR Part 121, Appendix I is permanently precluded from performing the safety-sensitive duties (Facts Not In Dispute, ¶ 13).

Sikorsky's manufacturing, maintenance and inspection employees are represented by Defendant Teamsters Local Union No. 1150 ("Union") (Facts Not In Dispute ¶ 2). At all times relevant to the allegations of his Complaint, Mr. Verrilli was an employee within the Union's Sikorsky Aircraft bargaining unit and was subject to the terms of the collective bargaining agreement ("CBA") between Sikorsky and the Union (Facts Not In Dispute ¶¶ 2, 15, 18). In recognition of the safety-sensitive nature of the work performed, Sikorsky Aircraft and the Union agreed to "*continue a random drug and alcohol testing program for those employees as specified in the Federal Aviation Administration ant-drug and alcohol program rule*" and

---

[1]      Defendant Teamsters Local 1150's Local Rule 56(a)(1) Statement of Material Facts Not In Dispute will be referenced as "Facts Not In Dispute" followed by the paragraph cited.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

that "*on the second occasion of a positive drug or alcohol test finding, the employee shall be discharged.*"  (CBA, p. 106, Facts Not In Dispute ¶ 17).

In 1999, Sikorsky Aircraft contracted to overhaul and repair commercial S-76 helicopter blades (Facts Not In Dispute ¶ 20-21).  Sometime in the "mid-summer" period of 1999, in expectation of securing this FAA covered work, Sikorsky determined that bargaining unit employees within the blade and composite department (the "blade shop") had to be placed in the "FAA pool" for drug and alcohol training and testing (Facts Not In Dispute ¶ 22).

In September 1999 blade shop employees, including Plaintiff Verrilli, attended the FAA drug and alcohol training program during which they were informed that in anticipation of the S-76 blade overhaul work, each would be subject to FAA drug testing (Facts Not In Dispute ¶¶ 28-29, 33).  The blade shop employees, including Mr. Verrilli, were informed that each would be drug tested before being "transferred into a covered job" (Facts Not In Dispute ¶ 31).  The blade shop employees, including Mr. Verrilli, were specifically informed that anyone who twice tested positive would be discharged (Facts Not In Dispute ¶¶ 30, 35).  Mr. Verrilli did not file a union grievance challenging his placement into the FAA drug test pool (Facts Not In Dispute ¶ 42).

On September 9, 1999, pursuant to the FAA drug testing program, Mr. Verrilli tested positive for cannabis (Facts Not In Dispute ¶¶ 36-37).  Plaintiff Verrilli admitted that he had no reason to doubt the results of the test or the way the lab tested his sample (Facts Not In Dispute ¶ 38).  During his interview with the Medical Review Officer, he admitted "regular use" of cannabis (Facts Not In Dispute ¶ 39).  Mr. Verrilli did not file a union grievance contesting the FAA September 9, 1999 positive drug test (Facts Not In Dispute ¶ 41).

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

As a result of his positive drug test in September 1999, Mr. Verrilli enrolled in a rehabilitation program and was subject to random FAA follow-up testing for up to sixty (60) months (Facts Not In Dispute ¶ 43). FAA follow-up drug tests were conducted on Mr. Verrilli in November and December 1999 and in January and February 2000 (Facts Not In Dispute ¶¶ 44-45). Mr. Verrilli did not challenge or grieve any of these follow-up drug tests.

On March 21, 2000, during the course of the FAA follow-up drug testing to which he had to submit as a result of his initial positive drug test, Mr. Verrilli tested positive for cocaine (Facts Not In Dispute ¶ 46). This time he exercised his right to request a "split-sample" test (Facts Not In Dispute ¶ 47). Subsequently, Plaintiff's "split sample test confirmed the initial positive for cocaine (Facts Not In Dispute ¶¶ 48). Mr. Verrilli offers no evidence that any of the drug tests to which he submitted were performed improperly (Facts Not In Dispute ¶ 49).

On March 30, 2000, Sikorsky Aircraft terminated Mr. Verrilli's employment pursuant to the terms of the Collective Bargaining Agreement as a result of his second positive drug test (Facts Not In Dispute ¶¶ 1, 17, 36). On April 3, 2000, Mr. Verrilli filed a union grievance contesting Sikorsky Aircraft's right to terminate his employment (Facts Not In Dispute ¶ 50). Sikorsky Aircraft denied Mr. Verrilli's grievance at each step of the grievance procedure, and the grievance was added to the arbitration list on July 18, 2000 (Facts Not In Dispute ¶ 51).

The Rocco Calo Slate won the 2001 Union election and replaced the former slate of Union officers effective January 1, 2002 (Facts Not In Dispute ¶ 54). Rocco Calo, the new principal officer, reviewed the Verrilli case and decided not to arbitrate the case based on the

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

CBA's "two strikes and you are out" standard and Verrilli's two positive drug tests (Facts Not In Dispute ¶ 55).

It is not uncommon that grievances denied at the third step are initially claimed to arbitration and then, later, after a full review of the facts gleaned from the grievance procedure, withdrawn from the arbitration list as meritless (Facts Not In Dispute ¶ 56).

More than ten months after his termination and six and one-half months after the denial of his termination grievance at the third step, Mr. Verrilli, represented by counsel, filed suit in State Court on February 2, 2001 against Sikorsky Aircraft alleging wrongful termination in violation of Connecticut's drug testing statute 31-51u and x (Facts Not In Dispute, ¶ 58).

More than thirty-two (32) months after his termination grievance was denied at the third step and placed on the arbitration list where it languished without proceeding to arbitration, Plaintiff Verrilli brought a four count Federal Complaint against Sikorsky claiming that his drug related termination was a wrongful termination in violation of the collective bargaining agreement (Attachment 8, *Verrilli v. Sikorsky Aircraft Corporation,* Docket No. 3:03-CV-0541 (WWE), 3/27/03) (Facts Not In Dispute ¶ 59).

More than forty-one (41) months after the denial of his termination grievance at the third step and without arbitration action on his denied grievance since July 18, 2000, Plaintiff Verrilli filed a Complaint against the Union claiming that the Union breached its duty of fair representation by not arbitrating his April 3, 2000 drug related termination grievance (Attachment 9, *Verrilli v. Teamsters Local 1150,* Docket No. 3:03-CV-2253 (JCH), 12/29/03) (Facts Not In Dispute ¶ 60).   Plaintiff's Complaint against the Union filed

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

December 29, 2003 was, by Order of the Court dated February 2, 2004, consolidated into the instant Lead Case Docket No. 3:03-CV-0541 (WWE) (Facts Not In Dispute ¶ 61).

## II.  ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Rule 56(c) of the Federal Rules of Civil Procedure mandates entry of summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see generally*, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Resource Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*, 926 F.2d 134, 139 (2d Cir. 1991).

The mere existence of disputed factual issues is insufficient to defeat a motion for summary judgment. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11-12 (2d Cir 1986). The disputed issues of fact must be "material to the outcome of the litigation" *Id.* at 11, and must be backed by evidence that would allow "a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587.

The moving party bears the initial burden of establishing that no genuine issue of material fact exists and that the undisputed facts show that he is entitled to judgment as a matter of law. *Rodriquez v. City of New York,* 72 F.3d 1051, 1060 (2d Cir. 1995). Once this initial burden has been met, the non-moving party must "go beyond the pleadings and by

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

his own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In demonstrating that the factual issue in dispute is "genuine," the non-moving party must offer evidence to allow a reasonable jury to return a verdict in its favor. See, *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). The non-moving party may not rely solely on its pleadings or on conclusory factual allegations in satisfying this burden. See, *Gray v. Darien,* 927 F.2d 69, 74 (2d Cir. 1991). The non-moving party must offer specific evidence supporting its claim that there exists a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. "Bald assertions" completely unsupported by evidence are not sufficient to overcome a motion for summary judgment. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995).

As demonstrated below, at this post discovery stage of litigation, the Defendant's Motion for Summary Judgment must be granted because Plaintiff cannot demonstrate: (1) that Defendant Sikorsky Aircraft Corporation breached the collective bargaining agreement governing Plaintiff's employment when it terminated Plaintiff's employment on March 30, 2000 as a result of his second positive FAA drug test; and (2) that Defendant Union breached its duty of fair representation ("DFR") by not arbitrating Plaintiff's April 3, 2000 termination grievance. In addition, Defendant Teamsters Local 1150 is entitled to summary judgment as a matter of law because Plaintiff Verrilli's Complaint is time-barred by the applicable six-month statute of limitations.

Accordingly, for the reasons mentioned above and argued below, judgment in favor of Defendants must enter.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

**B.    PLAINTIFF CANNOT ESTABLISH EITHER A BREACH OF THE
COLLECTIVE BARGAINING AGREEMENT OR A BREACH OF
THE DUTY OF FAIR REPRESENTATION AND, THEREFORE,
HIS CLAIMS AGAINST DEFENDANT TEAMSTERS LOCAL 1150
FAIL AS A MATTER OF LAW.**

In order to survive summary judgment, Plaintiff's "hybrid" Section 301

LMRA/DFR claim must establish both a breach of the collective bargaining agreement by

Defendant Sikorsky Aircraft Corporation *and* a breach of the duty of fair representation by

Defendant Teamsters Local Union No. 1150 in connection with his March 30, 2000 drug

related termination. *Balestracci v. General Dynamics Corp.,* 221 F.Supp.2d 258, 266 (D. Conn.

2002), citing, *DelCostello v. Intnl. Bhd. of Teamsters,* 462 U.S. 151, 163-65, 103 S.Ct. 2281

(1983); *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 1564 (1981); *White v.

White Rose Food,* 237 F.3d 174, 178 (2d Cir. 2001).  Plaintiff Verrilli cannot meet this burden.

**1.    Sikorsky's decision to terminate Mr. Verrilli because he twice failed FAA
drug tests is soundly based upon the explicit language of the CBA and did
not breach that Agreement.**

There is no disputing that Plaintiff Verrilli, in years 1999 and 2000, worked in the

"blade shop" department that was scheduled in 1999 to begin FAA covered work and, as a

result, was subject to FAA drug testing (Facts Not In Dispute ¶¶ 19, 22, 24, 25, 28, 29, 31,

34, 35).  There is also no dispute that as a result of the FAA drug testing program Plaintiff

Verrilli twice tested positive for FAA proscribed drugs (Facts Not In Dispute ¶¶ 36-41, 43-

49).  There is no dispute that the collective bargaining agreement that governed the terms of

his employment provide that "*on the second occasion of a positive drug or alcohol test finding, the

employee shall be discharged*" (CBA, p. 106; Facts Not In Dispute ¶ 17).  Accordingly, Plaintiff

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Verrilli cannot demonstrate that his termination from Sikorsky Aircraft on March 30, 2000 breached the collective bargaining agreement.

Plaintiff's inability to demonstrate that his employment termination on March 30, 2000 breached the CBA is fatal to his "hybrid" DFR Complaint. *Balestracci* at 266.

### 2.    The Union's decision not to arbitrate Mr. Verrilli's drug termination grievance did not breach the duty of fair representation.

A breach of the duty of fair representation occurs only when a union's conduct is "arbitrary, discriminatory, or in bad faith." *Balestracci* at 266, citing, *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903 (1967); accord, *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 74, 111 S.Ct. 1127 (1991); *Spellacy v. Airline Pilots Association-Intnl.,* 156 F.3d 120, 126 (2d Cir. 1998). The narrow contours of the DFR standard were recounted by this Court in the *Balestracci* decisions as follows:

> The doctrine of fair representation is an important check on the arbitrary exercise of union power, but it is a purposefully limited check, for a 'wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents.' *United Steelworkers of America v. Rawson,* 495 U.S. 362, 374, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) (quoting, *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953)). Thus, courts have consistently held that "mere negligence, even in the enforcement of a collective bargaining agreement, [does] not state a claim for breach of the duty of fair representation." *Id.* at 372-73. In recognition of the need for deference to union decision-making, "a determination of whether a union breached its duty of fair representation focuses on the factual and legal climate existing at the time the union acted." *White v. White Rose Food,* 237 F.3d 174, 180 (2d Cir. 2001).
> . . .

*Balestracci,* at 267.

Tactical errors and errors of judgment made by union representatives will not give rise to a breach unless such are arbitrary, or made in bad faith. *Barr v. United Parcel Service,*

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

*Inc.,* 868 F.2d 36, 43-44 (2d Cir. 1989); *Cruz v. Local Union No. 3 of Intern. Broth.*, 34 F.3d 1148, 1153 (2d Cir. 1994). "A union's actions are arbitrary . . . only if . . . the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Flynn v. Prudential Ins. Co. of Am.*, 1996 WL 294302 at *4 (S.D.N.Y.) quoting, *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. at 67. The Court in *Balestracci* noted that: "This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices even if those judgments are ultimately wrong. *Id,* at 266, citing *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 45-46, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998) quoting *Airline Pilots,* 499 U.S. at 78, 111 S.Ct. 1127. Whether a union's conduct is arbitrary turns on whether "the union can articulate a sufficient legal rationale to justify the manner in which a grievance has been handled." *Id.* at 267, quoting, *Ruzicka v. General Motors Corp.,* 649 F.2d 1207, 1212 (6th Cir. 1981).

In the instant matter, the Union's rationale is lawful, logical and straightforward. The CBA mandates termination of employees who fail a second FAA drug test (Facts Not in Dispute, ¶ 17). Mr. Verrilli failed two such FAA drug tests, was an admitted drug user, and was terminated (Facts Not in Dispute, ¶¶ 1, 36, 37, 39, 40, 46, 47). Plaintiff Verrilli has no evidence that any of the FAA drug tests administered to him were performed improperly or contrary to FAA testing standards (Facts Not in Dispute ¶ 49). Taking such a case to arbitration would not only be pointless but, moreover, a waste of union resources. Simply stated, there is no disputed issue to put before an Arbitrator. Accordingly, Plaintiff Verrilli cannot demonstrate that the Union's unwillingness to arbitrate his grievance was "arbitrary."

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Likewise, Plaintiff Verrilli cannot demonstrate the Union's conduct was in "bad faith." "Bad faith requires a showing of fraudulent, deceitful, or dishonest action." *Sim v. N.Y. Mailers' Union No.6,* 166 F.3d 465, 472 (2d Cir 1999). Plaintiff Verrilli offers no evidence of such conduct. In this regard, an employee has no right to have every grievance arbitrated. The Seminal Labor Law Treatise instructs regarding the Duty of Fair Representation that:

> An employee has no absolute right to have his grievance taken to arbitration. In negotiating a grievance procedure that gives the union discretion to process grievances and invoke arbitration, the employer and union expect that each will endeavor in good faith to settle grievances short of arbitration. Although a union has the right to compel arbitration of even frivolous grievances, the grievance arbitration system assumes that during the grievance process the union will withdraw frivolous grievances prior to the expensive and time-consuming arbitration.
>
> In *Vaca,* the Court held that a union does not breach the duty of fair representation "merely" because it settled or withdrew a grievance short of arbitration. More important, the Court rejected the argument that the duty was breached whenever a union refused to arbitrate a meritorious grievance: "If a union's decision that a particular grievance lacks sufficient merit to justify arbitration would constitute a breach of the duty of fair representation because a judge or jury later found the grievance to be meritorious, the union's incentive to settle such grievances short of arbitration would be seriously reduced" (quoting *Vaca,* 386 U.S. at 171, 192-93). Thus, in administering the grievance arbitration process, "a union must, in good faith and in a non-arbitrary manner, make decisions as to the merits of a particular grievance" (quoting, *Vaca,* 386 U.S. at 194). If a union concludes, after a proper factual investigation and good faith analysis of the contract, that a grievance lacks sufficient merit to proceed to arbitration, it is irrelevant that a reviewing court may reach a different conclusion concerning the merits of the grievance.

*Labor Union Law and Regulation*, BNA Books, 2003, Ch. 4, IVB.2, pp. 320-321.

Nor can Plaintiff demonstrate that the Union's conduct was discriminatory. Mr. Verrilli readily acknowledged that he had no knowledge of the Union ever arbitrating a

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

termination grievance involving a discharge for two positive drug tests (Facts Not in Dispute, ¶ 53).

Finally, Plaintiff cannot prove there was a causal connection between the Union's conduct and his injuries. *White v. White Rose Food, A Div. of DiGiorgio Corp.,* 237 F.3d 174, 179 (2d Cir. 2001). This is especially so because, in the instant matter, given Mr. Verrilli's undisputed two positive drug tests and the unambiguous "two strikes and you're out" standard of the CBA, there simply is no way to prevail in arbitration.

Plaintiff Verrilli's termination resulted from a second positive drug test, and the clear unambiguous CBA language that provides: "*On the second occasion of a positive drug or alcohol test finding, the employee shall be discharged*" (Facts Not In Dispute, ¶¶ 1, 17, 36). Other than his unfounded assertion that because he was not physically performing the commercial overhaul blade-work he should not have been tested, Plaintiff Verrilli offers no evidence that the tests were inappropriate in any way (Facts Not In Dispute, ¶ 49). Much like DOT Regulations that mandate drug testing of truck drivers before they obtain a commercial driver's license and perform CDL driving, the FAA Regulations require drug testing of employees likely to perform the FAA covered work "prior to the first time an individual performs a safety-sensitive function" (14 CFR Part 121, Appendix I, p. 567 and Section V. A. 1., 3. p. 568; and F., p. 570, and G., p. 570 (1999 edition)); See also, 40 CFR Part 40.25). Moreover, Plaintiff Verrilli did not grieve the initial FAA drug test on September 9, 1999 in which he tested positive for cannabis (Facts Not in Dispute, ¶ 41). Rather, he acknowledged his drug use and entered a rehabilitation program (Facts Not in Dispute, ¶¶ 37, 39, 40, 42, 43). Similarly, he did not grieve any of the four follow-up FAA drug tests to which he submitted in November and December 1999 and January and February 2000.

(Facts Not in Dispute, ¶¶ 43, 44, 45).   On March 21, 2000, Plaintiff Verrilli tested positive

for cocaine, and his "split sample" request confirmed the positive result (Facts Not in

Dispute, ¶¶ 46, 47).

In light of the unambiguous language within the CBA mandating an employee's

discharge on the occasion of a second positive drug test, the Union's judgment not to

proceed to arbitration on behalf of Mr. Verrilli was neither arbitrary, discriminatory, or in

bad faith." *Balestracci* at 266.   Accordingly, judgment must enter for the Defendants and

Plaintiff's Complaint must be dismissed.[2]

### C.    PLAINTIFF VERRILLI'S CLAIM IS TIME-BARRED BY THE APPLICABLE *DELCOSTELLO* SIX-MONTH STATUTE OF LIMITATIONS.

It is well settled that a six-month statute of limitations applies to a hybrid Section

301/fair representation claim.   *Cohen v. Flushing Hosp. & Med. Ctr.,* 68 F.3d 64, 67 (2d Cir.

1995) citing, *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169-171, 103 C.St. 2281

(1983).   The six-month statutory clock begins to run when the cause of action accrues.

*Santos v. Dist. Council,* 619 F.2d 963, 969 (2d Cir. 1980).   In the Second Circuit, "the cause of

action accrues no later than the time when the plaintiff knew *or reasonably should have known*

that such a breach of the duty of fair representation had occurred." *Kavowras v. The New York*

*Times Co.,* 328 F.3d 50, 55 (2d Cir. 2003), quoting *Santos,* 619 F.2d at 969.

---

[2]    Plaintiff's counsel has repeatedly argued that pursuant to Connecticut's Drug Testing Law (C.G.S. § 31-51t *et. al.*) that Sikorsky did not have the right to conduct the first drug test on Plaintiff Verrilli on September 9, 1999 because, although Mr. Verrilli was admittedly working in the blade shop department, he was not actually performing work on commercial blades.  Plaintiff's argument ignores the preemptive force of the FAA drug testing regulations and is without merit (See, Facts Not in Dispute, ¶ 14; 14 CFR Part 121, Appendix I, Section XI. A., p. 574 (1999 edition); See also, *Drake v. Laboratory Corp. of America,* 290 F.Supp.2d 352, 362-375 (E.D.N.Y.2003); *Frank v. Delta Airlines,* 314 F.3d 195, 197-201 (5th Cir. 2002).

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

The claim accrues "even if some possibility of non-judicial enforcement remained." *Id.* "Where a union refuses or neglects to assist a union member, decides to stop assisting a union member, or acts against the interests of a member, a breach of duty is apparent to the member at the time [he] learns of the union action *or inaction* about which [h]e complains." *Ghartey v. St. John Queens Hosp.,* 869 F.2d 160, 165 (2d Cir. 1989) (omitting citations).

"The statute of limitations is not tolled or extended by plaintiff's repeated requests that [defendant] bring a claim on his behalf." *Gorodkin v. Q-Co. Indus., Inc.,* 143 L.R.R.M. (BNA) 2092, 1992 WL 122769, *7 (S.D.N.Y. 1992). "Plaintiff's renewed request that the union pursue a claim on her behalf, which arose out of the same circumstances, does not restart the statute of limitations and her suit is therefore barred." *Orji v. Meadow Park Nursing Home, Inc.,* 1996 WL 537824 (E.D.N.Y). (Dismissing as time-barred plaintiff's claim brought against the union for withdrawing her grievance for back pay).

In the instant matter, Plaintiff certainly knew or "*reasonably should have known*" within six months of the denial of his termination grievance on July 18, 2000 that the Union was not arbitrating his drug termination grievance. That is most likely why on February 2, 2001 Plaintiff Verrilli, with retained private counsel, brought his initial wrongful termination lawsuit in State Court solely against Sikorsky (Facts Not In Dispute, ¶ 58).

The fact that Verrilli's grievance, although procedurally claimed to arbitration, was not scheduled for arbitration twelve months after the grievance denial at the third step on July 18, 2000 should have reasonably conveyed to Mr. Verrilli that the Union was not going to arbitrate his meritless termination grievance. Certainly, two years after the denial of his termination grievance at the third step, when the case was still not calendared for arbitration, Plaintiff should have constructively concluded that the Union was not going to

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

arbitrate his frivolous termination grievance.  This is especially so where, as in the instant

matter, Plaintiff has not, and cannot, offer any specific evidence that the Union mislead him

with regard to the likelihood that his drug case would eventually be arbitrated. [3]

In *Wilhelm,* the union's grievance was denied on May 13, 1993 and, as the plaintiff

averred, the union failed to pursue his grievance beyond the first step. *Wilhelm v. Sunrise*

---

[3]    Mr. Verrilli's deposition testimony compels the conclusion that he was never told by the Union that his grievance would proceed to arbitration.

Q:    I want to direct your attention to January of 2002.  Do you recall speaking to Harvey Jackson by telephone after the election, after they took office?

A:    I believe by telephone and in person a couple times, yeah.

Q:    Directing your attention to the first time by telephone, do you recall what happened during that conversation?

A:    No.

Q:    Did there come a time when you went to visit Mr. Jackson at the office of the union?

A:    Yes.

Q:    If I suggest to you that that was in late February, March 2002, does that sound about right?

A:    Yeah, could be, yup.

Q:    Do you recall speaking to Mr. Jackson during the negotiations prior to that by the telephone?

A:    I don't recall.

Q:    When you went to meet with Mr. Jackson, is it fair to say the purpose of your meeting was to get the status of your grievance?

A:    Yes, to see what they were doing about it and what, if any, information that he could give me, positive or negative, about it.

Q:    Do you recall during that meeting in or about February/March 2002 that Mr. Jackson said that you had failed two drug tests?

A:    Correct.

Q:    And did you recall him saying that the union was not going to proceed to arbitration because you had failed two drug tests?

A:    No.

(Deposition Testimony, Michael Verrilli, pp. 32-33, 11/12/04).

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

*Northeast, Inc.,* 923 F.Supp. 330, 337 (D. Conn. 1995). Thus, like in the instant matter, "the grievance was denied and the union did not take further action." *Id.* This Court in *Wilhelm* concluded and held that:

> The plaintiff does not allege the precise date he determined the union was not going to pursue his grievance further. However, it is clear that exercising reasonable diligence, he should have concluded no further union support was forthcoming one year after the denial of his grievance. Thus his cause of action under § 301 would have accrued on May 13, 1994.
>
> The plaintiff did not commence suit until April 6, 1995. Therefore his "hybrid" claim under § 301 of the LMRA is barred by the six month statute of limitations; and should be dismissed.

*Wilhelm v. Sunrise Northeast, Inc.,* 923 F.Supp. 330, 337 (D. Conn. 1995).

In *Kavowras,* the court held the plaintiff's claim was barred when his suit was filed almost two years after he had knowledge of the breach. *Kavowras,* 328 F.3d at 55. In *Cohen,* the DFR breach resulted from the Union's failure to represent that plaintiff at all. See also, *Guillame v. Int'l Serv. Sys., Inc.,* 200 WL 45447 (S.D.N.Y. Jan. 19, 2000). In *Bimler,* this Court held that plaintiff's DFR complaint, filed 22 months after the Union failed to take action on her behalf, was time-barred because, under the terms of the Union's grievance procedure, the plaintiff "should have known" of the union's alleged failure to represent her no later than 30 days following her suspension. *Bimler v. Stop & Shop Supermarket Company,* 965 F.Supp. 292, 303-304 (D.Conn. 1997).

In the instant matter, more than three years and nine months after his termination, and more than three years and five months after the third step denial of his termination grievance, the case, according to Plaintiff Verrilli, continued to linger without Union action before Plaintiff Verrilli initiated his DFR claim on December 29, 2003 against the Union (Facts Not in Dispute, ¶¶'s 1, 60).

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Assuming the limitation period accrued earlier than June 29, 2003, Plaintiff's action filed December 29, 2003 is clearly time-barred. In this regard, had Plaintiff Verrilli been "*exercising reasonable diligence, he should have concluded no further union support was forthcoming*" at least "*one year after the denial of his grievance.*" *Wilhelm* at 337. Under such a timeframe as in *Wilhelm*, Plaintiff should have realized by July 18, 2001, one year after the third step denial, that the Union would take no further action on his frivolous grievance and that his DFR claim accrued at that time.

Plaintiff's admissions at his deposition on November 12, 2004 compel the conclusion that he reasonably should have known much more than six months prior to his DFR claim that the Union was not going to arbitrate his frivolous grievance.

Q:    So during the entire year of 2002 you just waited?

A:    That's all I can do.

Q:    And during the entire year of 2003 you just waited, you figured something was happening, you didn't think you were getting the run-around when no one would answer you?

A:    I did think I was getting the run-around but all I could do is just wait and hope, have faith that I would have a phone call some day and be called down to the union hall and something good would come out of it.

. . . .

Q:    Isn't it true that, from the time you filed your grievance, no individual from the union ever told you we are taking your case to arbitration; isn't that true?

A:    It never got that far, as far as I know.

Q:    Right, no one ever told you we are going to arbitration on your grievance; isn't that true?

A:    I wasn't told, no, it was . . .

Q:   Are you aware of any individual that the union has gone to arbitration on that has failed two drug tests pursuant to - -

A:   That's none of my business, I don't care to know.

Q:   Sir, you've answered - -

A:   I don't know, no.

Q:   You've answered an interrogatory that you believe that you have been treated disparately, differently from other people?

A:   I didn't say that.

(Deposition Testimony, Michael Verrilli, pp. 72-74, 11/12/2004).

As in *Wilhelm*, *"exercising reasonable diligence,"* Mr. Verrilli *"should have concluded no further union support was forthcoming"* at least *"one year after the denial of his grievance."* *Wilhelm*, at 337. Mr. Verrilli's case sat dormant and was not scheduled for arbitration almost three and one-half years after the denial of his grievance at the third step before he brought his DFR action against the Union. Mr. Verrilli's DFR Complaint, governed by the *DelCostello* six-month statute of limitations, filed more than thirty (30) months after his claim reasonably accrued and more than forty-one (41) months after the third step denial, is time-barred. Accordingly, judgment must enter for Defendants.

## III.   CONCLUSION

Based upon the above, Defendant Teamsters Local 1150 respectfully requests that the instant motion for summary judgment be granted in favor of Defendant.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

DATED at East Hartford, Connecticut, this 10ᵗʰ day of March, 2005.

Respectfully submitted,

DEFENDANT
TEAMSTERS LOCAL NO. 1150

By:

John T. Fussell, Esq. of
Fed. Bar # ct 17989
ROBERT M. CHEVERIE &
  ASSOCIATES, P.C.
Commerce Center One
333 East River Drive, Suite 101
East Hartford, CT  06108-4206
E-mail:  jfussell@cheverielaw.com

# TABLE OF CASES

**PAGES**

## RULES

Fed.R.Civ.P. 56(c)                                                                      7

## CASES

*Air Line Pilots Ass'n v. O'Neil*
499 U.S. 65, 74, 111 S.Ct. 1127 (1991)                                10, 11

*Anderson v. Liberty Lobby Inc.*
477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986)            7, 8

*Balestracci v. General Dynamics Corp.*
221 F.Supp.2d 258, 266 (D. Conn. 2002)                       9, 10, 11, 14

*Barr v. United Parcel Service, Inc.*
868 F.2d 36, 43-44 (2d Cir. 1989)                                       10

*Bimler v. Stop & Shop Supermarket Company*
965 F.Supp. 292, 303-304 (D.Conn. 1997)                                 17

*Celotex Corp. v. Catrett*
477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)             7, 8

*Cohen v. Flusing Hosp. & Med. Ctr.*
68 F.3d 64, 67 (2d Cir. 1995)                                           14

*Cruz v. Local Union No. 3 of Intern. Broth.*
34 F.3d 1148, 1153 (2d Cir. 1994)                                       11

*DelCostello v. Int'l Bhd. of Teamsters*
462 U.S. 151, 169-171, 103 C.St. 2281 (1983)                      9, 14, 19

*Flynn v. Prudential Ins. Co. of Am.*
1996 WL 294302 at *4 (S.D.N.Y.)                                         11

*Ford Motor Co. v. Huffman*
345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953))                  10

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

*Ghartey v. St. John Queens Hosp.*
869 F.2d 160, 165 (2d Cir. 1989)                                           15

*Gorodkin v. Q-Co. Indus., Inc.*
143 L.R.R.M. (BNA) 2092, 1992 WL 122769, *7 (S.D.N.Y. 1992)                 15

*Gray v. Darien,* 927 F.2d 69, 74 (2d Cir. 1991                              8

*Guillame v. Int'l Serv. Sys., Inc.*
 200 WL 45447 (S.D.N.Y. Jan. 19, 2000)                                      17

*Kavowras v. The New York Times Co.*
328 F.3d 50, 55 (2d Cir. 2003)                                          14, 17

*Knight v. U.S. Fire Ins. Co.*
804 F.2d 9, 11-12 (2d Cir 1986)                                              7

*Lee v. Coughlin*
902 F. Supp. 424, 429 (S.D.N.Y. 1995)                                       8

*Marquez v. Screen Actors Guild, Inc.*
525 U.S. 33, 45-46, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998)                  11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574, 586-87 (1986)                                                 7

*Orji v. Meadow Park Nursing Home, Inc.*
1996 WL 537824 (E.D.N.Y)                                                    15

*Resource Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*
926 F.2d 134, 139 (2d Cir. 1991)                                            7

*Rodriquez v. City of New York*
72 F.3d 1051, 1060 (2d Cir. 1995)                                           7

*Ruzicka v. General Motors Corp.*
 649 F.2d 1207, 1212 (6th Cir. 1981)                                       11

*Santos v. Dist. Council*
619 F.2d 963, 969 (2d Cir. 1980)                                           14

*Sim v. N.Y. Mailers' Union No.6*
166 F.3d 465, 472 (2d Cir 1999)                                            12

*Spellacy v. Airline Pilots Association-Intnl.*
156 F.3d 120, 126 (2d Cir. 1998)                                          10

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

*United Parcel Serv., Inc. v. Mitchell*
451 U.S. 56, 101 S.Ct. 1559, 1564 (1981)                                      9, 10

*United Steelworkers of America v. Rawson*
495 U.S. 362, 374, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990)                    10

*Vaca v. Sipes*
386 U.S. 171, 190, 87 S.Ct. 903 (1967)                                        10

*White v. White Rose Food, A Div. of DiGiorgio Corp.*
237 F.3d 174, 179 (2d Cir. 2001)                                         9, 10, 13

*Wilhelm v. Sunrise Northeast, Inc.*
923 F.Supp. 330, 337 (D. Conn. 1995)                                 16, 17, 18, 19

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

# C E R T I F I C A T I O N

This is to certify that a copy of ***Defendant Teamsters Local No. 1150's***

***Memorandum of Law in Support of its Motion for Summary Judgment*** was hand-delivered

this 10th day of March, 2005, to the following:


*Counsel for Plaintiff:*

John T. Bochanis
DALY, WEIHING & BOCHANIS
1115 Main Street, Suite 710
Bridgeport, CT 06604


*Counsel for Defendant*
*Sikorsky Aircraft Corporation:*

Edward J. Dempsey
Labor Counsel
United Technologies Corporation
United Technologies Building
One Financial Plaza
Hartford, CT  06101


JOHN T. FUSSELL


JTF.TMST1150.M.Verrilli
Defendant 1150's MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT 03-10-05

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**

COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719