MANDATE

CTDC/NHCT
03-cv-541
EGINTON

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED..**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January two thousand and seven.

PRESENT:

    HON. PIERRE N. LEVAL,
    HON. CHESTER J. STRAUB,
    HON. RICHARD C. WESLEY,

                        *Circuit Judges.*



MICHAEL VERRILLI,

    *Plaintiff-Appellant,*

    v.

SIKORSKY AIRCRAFT CORP. and
TEAMSTERS LOCAL NO. 1150, INT'L
BROTHERHOOD OF TEAMSTERS,

    *Defendants-Appellees.*

**SUMMARY ORDER**
No. 05-5972-cv



Appearing for Plaintiff-Appellant:      JOHN T. BOCHANIS, Daly, Weihing & Bochanis, Bridgeport, Conn.

Issued as Mandate:
2/16/07

*Verrilli v. Sikorsky*,
No. 05-5972-cv
Page 2

| | |
|---|---|
| Appearing for Defendant-Appellees: | EDWARD J. DEMPSEY, Labor Counsel, United Technologies Corp., Hartford, Conn., *for Defendant-Appellee Sikorsky Aircraft Corp.* |
| | JOHN T. FUSSELL, Robert M. Cheverie & Associates, P.C., East Hartford, Conn., *for Defendant-Appellee Teamsters Local No 1150, Int'l Brotherhood of Teamsters* |

Appeal from a final decision of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff-Appellant Michael Verrilli appeals from a final order entered in the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*) granting the summary judgment motions of Defendants-Appellees Sikorsky Aircraft Corp. ("Sikorsky") and Teamsters Local No. 1150, International Brotherhood of Teamsters (the "Union"). We assume the parties' familiarity with the procedural history, relevant facts, and specification of issues on appeal. Setting aside the issue of the complaint's timeliness, we affirm for substantially the same reasons as the District Court.

To prevail on a hybrid section 301/duty of fair representation claim, Verrilli had the burden of demonstrating both (1) that Sikorsky breached the collective bargaining agreement ("CBA") and (2) that the Union breached its duty of fair representation. *See DelCostello v. Int'l*

*Verrilli v. Sikorsky*,
No. 05-5972-cv
Page 3

*Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).

As the moving party, Sikorsky had the burden of "showing — that is, pointing out to the district court — that there is an absence of evidence to support" Verrilli's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Sikorsky satisfied its burden by showing that it terminated Verrilli in compliance with the express terms of the CBA because of his two positive drug tests. *See* Sikorsky's Mot. Summ. J. Ex. A (Letter 19 to the CBA stating that "[o]n the second occasion of a positive drug . . . test finding, the employee shall be discharged); Ex. D 15-17 (deposition of Richard Kollet, Sikorsky's Planning and Control Manager for Parts Manufacturing, stating that workers in Verrilli's department were going to begin performing work covered by the FAA drug testing regulation); Ex. F (Affidavit of Kathleen F. Maurer, M.D., MPH, stating that Verrilli failed two drug tests). Based on this showing, the District Court was required to grant the defendants' motions unless Verrilli "set forth specific facts showing that there [was] a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Verrilli argues that there was an issue of material fact regarding whether the CBA required him to be tested. *See* Appellant's Br. 22-23; Compl. 2 ¶ 5. Viewing the evidence in the light most favorable to Verrilli, the record does not support this claim. The CBA provided that Sikorsky would continue to conduct a random drug testing program for employees covered by Federal Aviation Administration regulations. *See* Sikorsky's Mot. for Summ. J. Ex. A (Letter 19 to the CBA). The relevant FAA regulation provides that "[e]ach employee . . . who performs a safety-sensitive function listed in this section directly or by contract . . . for an employer as

Verrilli v. Sikorsky,
No. 05-5972-cv
Page 4

defined in this appendix must be subject to drug testing." 14 C.F.R. Pt. 121, App. I § III. Verrilli offered no evidence, other than his own unfounded assertions, that Sikorsky was not an "employer" required by the FAA regulation to test employees performing "a safety-sensitive function." Indeed, the only evidence in the record was to the contrary. *See* Sikorsky's Mot. For Summ. J. Ex. B (Sikorsky's answers to Pl.'s interrogatories 7 & 12); Ex. C at 13-14 (deposition of Thomas Nemec, Human Resources Manager and Sikorsky's FAA Coordinator); Ex. D 12-17 (Kollet dep.).

Nor did Verrilli produce evidence from which a reasonable juror could conclude that he was not an FAA-covered "employee." Under the FAA regulation, an "[e]mployee" is defined as "a person who is hired, either directly or by contract, to perform a safety-sensitive function" and includes not only those "actually performing" a safety-sensitive function, but also those that are "ready to perform, or immediately available to perform such function." 14 C.F.R. Pt. 121, App. I § II. Again, the record only supports a conclusion that Verrilli was part of a department at Sikorsky that was about to begin performing FAA-covered work. *See* Sikorsky's Mot. for Summ. J. Ex. D 15-17. And, since the FAA regulation requires employers to conduct a "pre-employment [drug] test" before they "hire any individual for a safety-sensitive function . . . [or] allow an individual to transfer from a nonsafety-sensitive to a safety-sensitive function," there was no genuine issue of material fact regarding Sikorsky's obligation to test Verrilli.[1] 14 C.F.R. Pt. 121, App. I § V(A)(1)-(2).

---

[1] Indeed, on a Connecticut Department of Labor unemployment form, Verrilli himself indicated that he failed a *preemployment* drug test "required by federal law," specifically the "FAA." Union's Mot. for Summ. J. Ex. 3 at 1 ¶ 5.

Verrilli v. Sikorsky,
No. 05-5972-cv
Page 5

The District Court's final ground for granting the summary judgment is also sound. On the record before the District Court, the Union's decision not to arbitrate Verrilli's claim was not "irrational or arbitrary," but fell within the "wide range of reasonableness" that we afford to unions in fulfilling their duty to represent their members. *Air Line Pilots Assoc. Int'l v. O'Neill*, 499 U.S. 65, 78 (1991) (internal quotation marks omitted).

We have considered Verrilli's remaining arguments and find them to be without merit. Therefore, for the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
THOMAS ASREEN, ACTING CLERK OF THE COURT

BY: *Lucille Carr*

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by *Tammy Martinez*
DEPUTY CLERK